[Crim. No. 1539. First Appellate District, Division Two.—September 5, 1929.]

THE PEOPLE, Respondent, v. . BOYD HANNA, Appellant.

James Davis for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—The defendant appeals from a judgment of conviction of two robberies in the first degree and an order denying his motion for a new trial.

No point is made as to the sufficiency of the testimony. The points raised relate to procedure. Appellant and William Titlow in one information were jointly charged with having committed robbery on the night of December 24, 1928, and under another information they were jointly charged with having committed another robbery on the night of December 29, 1928. Defendant Titlow pleaded guilty to one of the two charges against him. At a hearing on February 20, 1929, the public defender appearing for and representing appellant, Hanna, the court granted the motion of the People without objection of the appellant that the two defendants be tried separately and that the two charges against appellant Hanna be tried together. These orders appear in the clerk's transcript as well as in the reporter's transcript. After a number of continuances the case finally came on for trial. Appellant was then represented by Attorney Ewell. The order consolidating the trial of the two charges against appellant was properly made under the authority of Penal Code section 954, and the order directing separate trials of the two defendants was properly made under Penal Code section 1098.

 Appellant claims that the court should have ordered a new information filed eliminating the name of defendant

Titlow. No authority is referred to in support of this contention and no part of the record which has been called to our attention shows that appellant requested the court to make such an order.

■ While the prosecuting witness was under cross-examination, appellant's counsel asked that the whole examination in the police court be considered read into the record and also asked the witness to read the entire transcript. Upon objection made, the court ruled that portions of the transcript should be taken up one at a time. The ruling was correct under the authority of *People* v. *Lambert*, 120 Cal. 170, 175 [52 Pac. 307].

■ After the evidence at the trial was closed and the arguments to the jury were concluded, the cause was continued until the next day. When the court was about to instruct the jury, appellant's counsel, Mr. Ewell, stated that he wished to make a motion. Objection was made upon the ground that the case had been finished, that the court was about to instruct the jury and that any motions should be made afterward. The court then refused to hear the motion and proceeded to instruct the jury. At the conclusion of the reading of the instructions nothing further was said or done by either party or the court about making the motion. It does not appear in the record nor in the briefs what motion appellant's counsel desired to make. Several different supposed or possible motions which might have been made have been suggested, but none of them are of such a character that they could not have been made after as well as before the reading of the instructions. The refusal of the court to hear the motion after submission of the cause and before the instructions did not amount to a denial of a constitutional trial. It was not an entire refusal to hear a motion, but a refusal to hear it at a particular time. The order of the trial in this respect was in the control of the court's discretion. Under the circumstances narrated, appellant's counsel should have offered whatever motion he may have had in mind after the instructions were concluded.

Other points on appeal are mentioned but are unsupported by argument or citation of authority and are not well taken.

The judgment and order denying a new trial are affirmed.

Sturtevant, J., and Nourse, J., concurred.