[Crim. No. 2397. Second Appellate District, Division Two.—October 30, 1933.]

THE PEOPLE, Respondent, v. LEROY FOWARD, Appellant.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIG, J.—Upon an information consisting of two counts each charging the crime of robbery verdicts of conviction were returned, a motion for a new trial was interposed, which was denied, and the defendant appealed from said ruling and from the judgments.

The appellant and one Henry Wooden were tried together upon separate informations filed by the district attorney. The appellant was charged in separate counts in one information with having robbed two men by force and fear, which information was numbered 51009. Thereafter Wooden was charged in separate counts of an information numbered 51381 with the crimes of robbery and assault with a deadly weapon, respectively. Over the strenuous objections of Foward both were tried before the same jury at the same time and upon the same evidence. We are assisted by the citation of no authority other than the sections of the code in either brief as to the propriety or error in such procedure. It is contended by the appellant that having been charged by

different informations with different offenses separate trials were a matter of right; and on behalf of the People it is insisted that sections 954 and 1098 of the Penal Code expressly authorize their consolidation.

By the section first mentioned it is provided, in part, that an indictment, information or complaint may charge two or more different offenses *connected together in their commission* under separate counts, and that if two or more indictments or informations are filed *in such cases* the court may order them consolidated, or may in the interest of justice and for good cause shown order that the different offenses or counts be tried separately. By the section last mentioned it is provided that when two or more defendants are *jointly charged* with any public offense, they must be tried jointly, unless the court order separate trial. In the instant case there was neither a charge of assault with a deadly weapon, nor a charge of any offense against the defendant and Wooden jointly. It is asserted by the appellant and not denied by the People that he was not charged with any offense in the Wooden information.

There is nothing in the language of either section authorizing the consolidation of separate informations against separate and distinct defendants. Where, as here, neither information refers in any way to the other, there can be no consolidation, regardless of evidence produced during the trial indicating that the charges relate to the same set of circumstances. This is so because in determining the rights of the parties relative to joint or separate trials in such cases, the trial court is bound by the contents of the information or indictment and cannot look beyond its averments. The matter is jurisdictional. In case the trial court, as it did here, disregards the defendants' rights and unlawfully consolidates trials, it is not mere error which can be cured by the application of the provisions of section 4½ of article VI of the Constitution. All of the above legal propositions are decided in *People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630], which authority is determinative of this appeal.

The only remaining grounds assigned for a reversal require a review of the evidence. All intendments must be resolved in favor of the verdicts of the jury, and upon con-

flicting evidence before them it cannot be said that their conclusions were without substantial support.

The judgments and orders denying a new trial are reversed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.