[Crim. No. 281. Fourth Appellate District.—December 20, 1934.]

THE PEOPLE, Respondent, v. PETE AGUINALDO, Appellant.

George R. Baird for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was convicted of the crimes of robbery and assault with a deadly weapon. His motion for

new trial was denied and he has appealed from the judgment and from the order denying this motion.

As grounds for reversal of the judgment and order he urges (1) that the evidence does not support the verdict and judgment finding him guilty of robbery but is only sufficient to support a conviction of attempt to commit robbery; (2) that the trial court erred in overruling his objection to the consolidation of his case with that of the defendants in *People* v. *Willis Lee Beal and Felipe Marcelo* (*ante,* p. 251 [39 Pac. 504]), and forcing him to trial with them over his objection and without his consent.

The first contention made by appellant is precisely the same as that made by defendants in the case of *People* v. *Beal, supra,* and is there decided against him. The facts of the instant case and the reasons for our conclusions are fully set forth in that decision and need not be repeated here. The second ground requires careful examination.

■ As appears in the Beal case, appellant with Marcelo and Beal acted together in the robbery of the La Mesa branch of the Bank of America. A complaint was filed against them jointly but the preliminary examination of appellant was held separate from that of his co-defendants and he was separately held to answer in the superior court One information was filed charging Beal and Marcelo with robbery and assault with a deadly weapon. A separate information was filed charging appellant with like crimes. Neither information in any way referred to the other although it may be readily inferred from the identical dates and the names of the parties injured that the three defendants were jointly engaged in the commission of the same crimes.

The two cases were set for trial on the morning of the same day in the same department of the superior court. When they were called for trial counsel for appellant moved for a continuance. This motion was denied. He then objected to going to trial at the same time and before the same jury with Beal and Marcelo. The deputy district attorney in charge of the prosecutions moved that the two cases be consolidated for the purpose of trial. This motion was granted over the objection of appellant. A jury was impaneled which returned separate verdicts against each of the defendants. Separate judgments were pronounced

upon them. The two appeals are presented upon separate clerk's transcripts and a single reporter's transcript.

It has been held in *People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630], and *People* v. *Forward*, 134 Cal. App. 723 [26 Pac. (2d) 532], that such a consolidation was erroneous. It was also held in both cases that the error was not cured by section 4½ of article VI of the Constitution. It does not appear that hearings in the Supreme Court were asked in either of these cases.

While we agree with the holdings in these cases that the consolidation of two cases for purposes of trial constituted error, we find ourselves in sharp disagreement with the conclusions there reached that the error was not one of procedure and that, therefore, section 4½ of article VI of the Constitution had no application to the situations there presented.

The reasons for this conclusion of the court are thus stated in the O'Connor case: "As generally defined 'procedure' includes in its meaning whatever is embraced by the three technical terms, pleading, evidence and practice. (32 Cyc. 405.) Had there been no denial of the exercise of any peremptory challenges, we seriously question whether this section has any application to the cause before us. This section must refer to pleading and procedure, as authorized by the codes. Thus, to make it applicable to pleadings, had there been any defects in the information not affecting the substantial rights of the parties, as accorded by law, then, and in that case, the error should be held harmless. Likewise, if the court omitted to follow the procedure embodied by the codes for the arraignment and trial of the defendants upon the informations filed against them and had committed some error in so doing, which did not affect the substantial rights of the parties, then such error in procedure would likewise be held harmless, but, it cannot reasonably be held that section 4½ of article VI is so broad in its meaning as to permit the trial court to disregard the usual and ordinary procedure in the trial of a cause and adopt a new and entirely different manner from that recognized by law. Such a course is not a mistake in procedure; it is a substitution of procedure. What would excuse a mistake in procedure would not and could not be held to allow the creation of a course unprovided

for by law. Mistake is one thing; a substitution is an entirely different thing. As we have said, the defendants were deprived of the right of trial by jury, as it should have been constituted by law, in that they were compelled to go to trial before jurors whom they were entitled to reject, which brings it in principle on a parallel basis with decisions of courts relative to the rights of trial by jury.''

A situation, while factually different but presenting a legal question somewhat similar in effect to that in the O'Connor case, was considered in the case of *People* v. *Howard*, 211 Cal. 322 [295 Pac. 333, 71 A. L. R. 1385], where a jury of twelve with two alternates had been drawn. During the trial a regular juror discovered that she knew two of the witnesses; that she was prejudiced against them; that this prejudice would affect her verdict. She was excused, one of the alternates was drawn, took the vacant place in the jury box, heard the balance of the case as a regular juror and participated in returning the verdict. In discussing this situation the majority opinion of the Supreme Court said: ''It is now contended by the defendant that, upon discovering the state of mind of the regular juror, a mistrial should have been ordered, and that to substitute the alternate for the regular juror under such circumstances amounted to a reversible error, in that he was thereby deprived of a trial by jury as guaranteed by section 7 of article I of the Constitution. While the value and importance of the privilege thus guaranteed cannot be overemphasized, on the record now before us we cannot see how or wherein there was any invasion of the common-law right of a jury trial. The first essential of a common-law jury in criminal causes is a jury of twelve citizens, no more nor less, drawn from the locality, duly examined and sworn to try the cause. No objection was offered to the panel in this case. The second requirement is that the jurors must be impartial. No claim is made that juror Shields, the alternate selected, was not in fact a fair and impartial person to act as a juror. While the record brought here does not contain the examination of the jurors on *voir dire,* it does indicate that the same proceedings were had in the selection of the alternate jurors as in the case of the first twelve who took their places in the box. We may assume that the defendant was satisfied that the alternate jurors

thus selected would give him the fair and impartial trial to which he was entitled, should either be called in lieu of one of the other jurors. The third essential is that the verdict shall be unanimous, and that was so in this case, for the record shows that the twelve jurors agreed and returned a unanimous verdict.

"While the circumstances of this case are not such as to bring it within the purview of section 1089 of the Penal Code providing for alternate jurors, we think the procedure by which the alternate juror was substituted in the place and stead of the regular juror was, at most, but an irregularity which in no way substantially affected the defendant's rights. In the execution of the means which the lawmakers provide to enforce the guaranties of the organic law, the end to be effected must be through the adoption of a reasonable and practical method to secure attainable ends. When this has been done, nothing more can be demanded, from the very nature of things. It is not claimed that the verdict would have been any different had the alternate juror not participated in the deliberations of the jury. He was subject to the same challenge and took the same oath as the other jurors. We should assume that in all respects he obeyed his oath and that he well and truly tried all the matters in issue and rendered a true and impartial verdict in the cause. Defendant's right was to a fair and impartial jury, not to a jury composed of any particular individuals. (*People* v. *Durrant,* 116 Cal. 179, 199 [48 Pac. 75].) The situation here presented is not one in which a waiver of the right to a jury trial in a felony case enters into the consideration.

Section 4½ of article VI of the Constitution provides: "No judgment shall be set aside, or new trial granted, in any case, for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

If it is true that the substitution of a new method of procedure for one established in the Penal Code is always "not a mistake in procedure; it is a substitution of procedure" to which the provisions of section 4½ of article VI cannot apply, it is difficult to see how its provisions could ever apply to any procedural error in a criminal case. If

the forms provided in the Penal Code are followed there can be no error and no occasion to apply the section. If a trial judge departs from these established forms he puts into effect other procedure of his own invention or at least adoption. In every such case of error in procedure there is a substitution of new procedure for that provided in the Penal Code. Whether it be called a "substitution of procedure" or a "mistake in procedure" the error still remains one of procedure. The mere choice of a name should not affect the application of the constitutional provisions to such a situation. If we correctly understand the rule laid down in the O'Connor case, its strict application would nullify the provisions of section 4½ of article VI of the Constitution when strictly procedural errors occur in the trial of a criminal case.

In the Forward case the court in considering the effect of the provisions of sections 954 and 1098 of the Penal Code on an order consolidating two criminal cases, said: "There is nothing in the language of either section authorizing the consolidation of separate informations against separate and distinct defendants. Where, as here, neither information refers in any way to the other, there can be no consolidation, regardless of evidence produced during the trial indicating that the charges relate to the same set of circumstances. This is so because in determining the rights of the parties relative to joint or separate trials in such cases, the trial court is bound by the contents of the information or indictment and cannot look beyond its averments. The matter is jurisdictional. In case the trial court, as it did here, disregards the defendants' rights and unlawfully consolidates trials, it is not mere error which can be cured by the application of the provisions of section 4½ of article VI of the Constitution. All of the above legal propositions are decided in *People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630], which authority is determinative of this appeal."

It is difficult for us to see how the order now under consideration consolidating the two cases for the purpose of trial affected the jurisdiction of the court. All of the offenses were committed in San Diego County. They were felonies of which the superior court of that county had exclusive original jurisdiction. It also had jurisdiction of

the persons of the defendants who were present in court and represented by counsel. Every element requisite to give the superior court jurisdiction was present and proved.

We have reached the conclusion that while the order consolidating the two cases for trial was erroneous, it was an error of procedure only and subject to the provisions of section 4½ of article VI of the Constitution. Having reached this conclusion it remains for us to determine whether or not it resulted in a miscarriage of justice.

The record does not contain the detailed proceedings of impaneling the jury. It only shows that twelve men and women were impaneled to try the case. In the absence of any showing to the contrary we must presume that appellant did not exhaust his peremptory challenges and that the members of the jury were satisfactory to him. If the trial court had limited appellant to the number of peremptory challenges provided in section 1098 of the Penal Code and had refused to give him the number to which he was entitled under section 1070 of that code, and had he been compelled to accept a juror not satisfactory to him, the condition presented would be most serious and the question of prejudice would then be of first importance. Such is not the case. He was satisfied with the members of the jury.

In the O'Connor case it appears that the court limited the peremptory challenges of the defendants to the number provided in section 1098 of the Penal Code and refused to give them the number to which they were entitled under this and section 1070 of that code. They were required to accept a juror not satisfactory to them and whom they were lawfully entitled to peremptorily challenge. In our opinion this constituted prejudicial error that fully justified the appellate court in reversing the judgments, and the discussion of the applicability of section 4½ of article VI of the Constitution to the facts of that case was unnecessary to its decision.

Appellant comes before us admitting that the evidence amply supports the verdict and judgment finding him guilty of assault with a deadly weapon. He also admits that there is ample evidentiary support for a verdict and judgment finding him guilty of attempted robbery. He

disputes the conviction of robbery only on the technical grounds we have already considered in *People* v. *Beal, supra.* There has been no miscarriage of justice in this case. It is impossible to see how any jurors with any regard for their oaths could ever return a verdict of not guilty on either charge. Our reversal of the judgment would amount to a gross miscarriage of justice. We have reached the conclusion that under the provisions of section 4½ of article VI of the Constitution we cannot reverse the judgment or order a new trial.

The judgment and order denying the motion for new trial are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 17, 1935.