[Crim. No. 2734.  Second Appellate District, Division One.—June 9, 1936.]

THE PEOPLE, Respondent, v. WILLIS W. SHEPHERD et al., Defendants; HOWARD J. STREICH et al., Appellants.

Entenza & Gramer for Appellants.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

WHITE, J., *pro tem.*—Appellant Streich and one Willis W. Shepherd were jointly charged in an information with the crime of assault by means of force likely to produce great bodily injury, a felony, committed on the person of one Leo G. Hubbert on or about December 14, 1934.

Appellant Wiggington was charged in a separate information with the same offense, alleged to have been by him

committed upon the same victim and on or about the same day.

After a trial before a jury, appellants and the defendant Shepherd were found guilty of the offense charged. The trial court did not pronounce judgment against appellants, but suspended the proceedings and placed appellants on probation, requiring as a condition of probation that appellants serve six months in the county jail.

As grounds for reversal, appellants urge that the trial court abused its discretion in denying the motion for a new trial on the ground of newly discovered evidence; that by its rulings the trial court erroneously admitted evidence prejudicial to appellants; that the court committed error in the giving of instructions to the jury, and also by consolidating two separate informations for trial.

The evidence indicates that on the night of December 14, 1934, at about the hour of 9:30 P. M., the complaining witness, Hubbert, was employed as a driver of a motor coach for the Los Angeles Motor Coach Company, on the Silver Lake Boulevard route in the city of Los Angeles. That since November, 1934, and up to and including the date of the alleged offense, the employees of the Los Angeles Railway and the Los Angeles Motor Coach Company were out on strike. That all three of the defendants were striking employees of the Los Angeles Motor Coach Company. The complaining witness testified that he stopped his bus on Silver Lake Boulevard, near Moreno Drive, to pick up a passenger; that the defendant Shepherd boarded the bus and inquired if the bus went to Riverside Drive; that in the meantime the other two defendants boarded the bus, and appellant Wiggington said, "Let him have it," whereupon the defendant Shepherd struck him over the head with a wooden club. Hubbert further testified that the blow knocked him out of his seat to the floor of the bus, and as he lay there appellant Wiggington attempted to stomp on his face, but Hubbert kicked him away. About this time, according to the complaining witness, appellant Streich grabbed the box used to collect fares in the bus and threw it at the complaining witness, who blocked it with his hands. As a result of this assault, the complaining witness testified, he received a cut over his right eye, requiring six stitches to close, and also a bruised hand,

all of which required his hospitalization for a period of twelve days.

The only other witness to the incident was Jane Parmele, a passenger on the bus, but she could not identify appellants as being the assailants.

The evidence also indicates that although the complaining witness identified the three defendants at their trial, he had, shortly after the alleged assault, identified one O. L. Watson as one of the three men who assaulted him, but later withdrew his identification of Watson, who was released.

Appellants took the witness stand at the trial, and each denied any complicity with or participation in the assault in question. They also produced numerous alibi witnesses, who testified that appellants were not at or near the scene of the assault.

On the hearing of the motion for a new trial appellants produced an affidavit from one Harvey P. Anderson, who swore that the assault in question here was committed by the affiant, Anderson, Willis W. Shepherd, one of the defendants, but not an appellant herein, and one Adolph Couzens. In addition to Anderson's affidavit, he was sworn as a witness during the hearing on the motion for a new trial and testified before the trial judge that appellants did not participate in the assault, and that the same was committed by himself, Shepherd and Couzens. On the hearing of the motion for a new trial the complaining witness was sworn and was asked the question: "When you see this other man here now (referring to Anderson) does that in any way cause you to change your mind with reference to the identification of Mr. Streich?" To which the complaining witness answered, "Well, it causes a doubt, yes, sir."

Further, on the hearing of the motion for a new trial, the deputy district attorney who tried the case stated to the court: "In view of the inherent weakness in identification of the original case, and newly discovered evidence, I have consulted my superiors in the district attorney's office, and we are prepared *not to oppose* a motion for a new trial."

Appellants also caused to be filed on the motion for new trial affidavits setting forth the fact that they did not know any of the facts contained in Anderson's affidavit until after their conviction and while confined in the county jail with their codefendant, Shepherd, when the latter imparted to

them the information that he, Shepherd, together with Anderson and Couzens, committed the offense of which appellants stood convicted; that they immediately thereafter communicated this information to their attorneys, resulting in the production of Anderson's affidavit and the testimony from Anderson at the hearing of the motion for a new trial. It might also be noted that the record discloses the fact that Anderson pleaded guilty to the offense for which these defendants were convicted, and was sentenced therefor.

No counter-affidavits were presented to rebut the showing made by appellants on their motion for a new trial, nor was any attempt made by counter-affidavits to discredit the newly discovered witness, Anderson, or dispute the alleged facts contained in the affidavit and testified to by the new witness, Anderson, although this course was open to the district attorney and such procedure was proper. (*People* v. *Sing Yow,* 145 Cal. 1 [78 Pac. 235, 236].)

The main contention of appellants is that a new trial should have been granted upon the ground of newly discovered evidence. This claim is presented with great earnestness by counsel, who are apparently convinced of the innocence of appellants.

We are not unmindful that the claim of newly discovered evidence as a ground for, or warranting, a new trial is universally looked upon by the courts with distrust and disfavor. Public policy demands that a litigant should be compelled to exhaust every reasonable effort to produce at his trial all existing evidence in his behalf. It has been said that the circumstance that the testimony has just been discovered when it is too late to introduce it is so suspicious that courts require the very strictest showing of diligence. (*People* v. *Freeman,* 92 Cal. 359, 366 [28 Pac. 261].) It is recognized, however, that despite the exercise of such effort, cases will sometimes occur where, after trial, new evidence most material to the issues and which would probably have produced a different result, is discovered. For such cases the remedy of a motion for a new trial on the ground of newly discovered evidence has been given. (*People* v. *Byrne,* 160 Cal. 217, 225 [116 Pac. 521].) As declared by subdivision 7 of section 1181 of our Penal Code, the court may grant a new trial "when new evidence is discovered material to the defendant, and which he could not, with rea-

sonable diligence, have discovered and produced at the trial''.
It is well settled that a party who relies upon this ground must have made reasonable effort to produce all his evidence at the trial, and that he will not be allowed a new trial for the purpose of introducing evidence known to him and obtainable at the time of the trial, or which would have been known to him had he simply exercised reasonable effort to present his defense. (*People* v. *Freeman*, 92 Cal. 359 [28 Pac. 261]; *People* v. *Rushing*, 130 Cal. 449, 454 [62 Pac. 742, 80 Am. St. Rep. 141].)

In addition to due diligence, it is further required that the evidence be material and such as to render a different verdict reasonably probable upon a retrial. Respondent contends in the instant case that the newly discovered evidence is merely cumulative to the alibi evidence offered at the trial of these appellants; but, conceding such to be the case, that is not necessarily determinative as to whether a new trial should be granted, because, assuming that the evidence may be cumulative, still, if it is such that a different result upon a retrial is reasonably probable as the result of such new evidence, and the showing made by the applicant is sufficient in other respects, the new trial should be granted. In the case of *People* v. *Sing Yow, supra,* the duty and power of the trial court in the determination of a motion for new trial on this ground, and the functions of an appellate court in reviewing the action of the trial court, were defined as follows:

''The question as to the effect upon the case of the newly discovered evidence is from its nature peculiarly one that is addressed to the discretion of the trial court, and, of course, *should be determined by that court with a full realization of the responsibility involved, and the motion should undoubtedly be granted where the showing is such as to make it apparent to the trial court that the defendant has, without fault on his part, not had a fair trial on the merits,* and that by reason of the newly discovered evidence the result would probably be, or should be, different on a retrial. But unless the appellate court can plainly see that this discretion has been abused, that the showing made was of such a character as to make it manifest that the case would or should result differently on a new trial, in view of the newly

discovered evidence, the order of the trial court refusing a new trial will not be disturbed.'' (Italics ours.)

■ In the light of what has been said, we nevertheless feel that the facts in the instant case are such as to warrant a reversal of the order of the trial court. The diligence of appellants in marshaling evidence for the trial is affirmatively shown in their affidavits, as was their inability to obtain the newly discovered evidence until Shepherd's confession in the county jail after the verdict imparted it to them. The materiality of this newly discovered evidence cannot be questioned. The newly discovered evidence in this case consisted of the affidavit and oral testimony before the trial court of a witness who not only testified he knew who committed the offense, and that the appellants did not, but who testified that he, defendant Shepherd (who, with these appellants, formerly had been convicted of the offense) and one Couzens, were the guilty parties; that he pleaded guilty to the identical charge and a judgment was pronounced against him thereon. Added to this is the testimony of the complaining witness given on the hearing of the motion for new trial that upon being confronted with the aforesaid witness, Anderson, the complaining witness was doubtful as to the verity of his previous testimony identifying one of the appellants. Also, we have the fact that the complaining witness had previously retracted his identification of one O. L. Watson. Further, we have the statement of the deputy district attorney who prosecuted appellants that by reason of the ''inherent weakness in identification of the original case, and newly discovered evidence'', the district attorney would not oppose a motion for a new trial. In the face of these facts, we are of the opinion that the showing made on the motion for a new trial was of such a character as to make it manifest that these appellants, without fault on their part, did not have a fair trial on the merits, and that by reason of the newly discovered evidence the result could reasonably and probably be different on a retrial. For this reason, the order denying the motion for a new trial must be reversed.

■ Although the order must be reversed, by reason whereof a new trial may ensue, we feel impelled, for the guidance of the court below, to consider another ground advanced on this appeal, wherein appellants urge that the

trial court fell into error by consolidating for trial the information against defendants Shepherd and Streich with a separate information filed against defendant Wiggington. Neither information in any way referred to the other, although it may be readily inferred from the identical date and the similar name of the person alleged to be assaulted that the three defendants were charged with the commission of the same crime. The order consolidating the cases for trial was made without objection by any of the defendants, and the jury returned separate verdicts against each appellant. It is urged that although the appellants did not object to the consolidation of the cases for trial, still they cannot be deemed to have waived the objection, because the error is jurisdictional. In support of this claim appellants cite the case of *People* v. *Foward*, 134 Cal. App. 723 [26 Pac. (2d) 532]. It is difficult for us to see how the order now under consideration, consolidating the two cases for the purpose of trial, affected the jurisdiction of the court. The offense was committed in Los Angeles County. It was a felony, of which the superior court of that county had exclusive original jurisdiction. It also had jurisdiction of the persons of the defendants, who were present in court at all stages of the proceedings, and represented by counsel. Every element requisite to give the superior court jurisdiction was present and proved.

In the cases of *People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630], and *People* v. *Foward, supra*, it was held that such a consolidation was erroneous. It was also held in both cases that the error was not cured by section $4\frac{1}{2}$ of article VI of the Constitution. It does not appear that hearings in the Supreme Court were asked in either of these cases.

While we agree with the holdings in these cases that the consolidation of the two informations for the purpose of trial constituted error, we find ourselves unable to concur in the conclusions there reached that the error was not one of procedure. We are in accord with the holding of the District Court of Appeal of the Fourth District, in the case of *People* v. *Aguinaldo*, 3 Cal. App. (2d) 254 [39 Pac. (2d) 505], that while the order consolidating two separate informations against different defendants for trial is erroneous, it is an error of procedure, and not jurisdictional.

It is true there is no authority in sections 954 or 1098 of the Penal Code for consolidating separate informations against separate and distinct defendants, and until the lawmaking power, by appropriate legislation, provides that it may be done, it should not be resorted to; but such an order must result in prejudice to the substantial rights of the defendant before it can become a ground for reversal.

In the O'Connor case, *supra*, it appears that the court limited the peremptory challenges of the defendants to the number provided in section 1098 of the Penal Code, and refused to give them the number to which they were entitled under this and section 1070 of that code. By reason of such rulings, they were required to accept a juror not satisfactory to them and whom they were lawfully entitled to peremptorily challenge. In the case before us there is no claim, either that appellants objected to the consolidation, or that by reason thereof they suffered any prejudice. There is no claim that the evidence before the trial court was not amply sufficient to support the verdict. The sole ground here urged is that the question is jurisdictional; but we are of the opinion that it is procedural, and unless it results in prejudice to the defendants' substantial rights we cannot on that ground reverse a judgment or order a new trial.

No other points raised on this appeal require discussion.

The attempted appeal from the purported order of April 10, 1935, denying motions for a new trial, having heretofore been by this court dismissed (*People* v. *Shepherd* [*Streich and Wiggington*], 12 Cal. App. (2d) 644 [55 Pac. (2d) 923]), it becomes unnecessary for us to pass thereon.

For the reasons herein stated, the order of March 11, 1935, by which appellants' motions for new trial were denied, is reversed.

Houser, P. J., and York, J., concurred.