[Crim. No. 2141. First Appellate District, Division One.—December 19, 1940.]

THE PEOPLE, Respondent, v. ROY DAVIS, Appellant.

A. J. Hennessy for Appellant.

Earl Warren, Attorney-General, and Dennis Hession, Deputy Attorney-General, for Respondent.

PETERS, P. J.—Defendant appeals from a judgment convicting him of first degree robbery, with a prior conviction of a felony, and from orders denying his motions for a new trial and in arrest of judgment. The main point urged by appellant is that it was reversible error for the trial court, over his objections, to consolidate for trial, with the charge upon which he was convicted, other indictments charging other defendants with other crimes occurring at different times, in which he was not involved. With this contention we agree.

Appellant was convicted under indictment 31072. In that indictment he and George Miller were charged with the robbery of a drugstore alleged to have been committed on December 23, 1939. In indictment 31070 appellant and George Miller were charged with a separate and distinct robbery alleged to have been committed on January 14, 1940. In indictment 31071 George Miller and Miss Doris Miller were charged with the robbery of Dr. Hagan alleged to have been committed on January 12, 1940. Appellant was not mentioned in this last-mentioned indictment at all. At the commencement of the trial appellant objected to the consolidation of these indictments, and particularly to the consolidation of number 31071 with the other two, but his objections were overruled, and the three cases tried together. Doris Miller pleaded guilty to the robbery charged in case 31071, and testified as a prosecution witness in all of the cases. Both George Miller and appellant secured an instructed verdict of acquittal in case 31070, and George Miller secured an instructed verdict of acquittal in case 31072, but appellant was convicted of the charge contained in that indictment. Thus, when the case went to the jury, it had before it the charge of robbery by George Miller, alleged to have been committed on January 12, 1940 (case 31071), and the charge of robbery

against appellant, alleged to have been committed against a different person on December 23, 1939 (case 31072).

Although there has been a gradual relaxation of the rules in regard to the joinder in the same indictment or information of offenses, and the consolidation of separate indictments or informations for the purpose of trial (14 Cal. Jur., p. 64, sec. 50), sections 954 and 1098 of the Penal Code do not permit the joinder, or consolidation for trial, of indictments or informations charging different defendants with separate and distinct crimes alleged to have been committed against different persons at different times. The attorney-general concedes that there is no statutory authority for the consolidation, concedes that it was error to have overruled the objection to the consolidation, but urges that the error was not prejudicial, and that under article VI, section $4\frac{1}{2}$ of the Constitution the judgment and orders appealed from should not be reversed.

There are four cases discussing this general problem in California, but, as will be seen, none of these cases presents as strong a case for reversal as the instant case. In *People* v. *O'Connor,* 81 Cal. App. 506 [254 Pac. 630], an information was filed charging Fitzgibbons and O'Connor jointly with burglarizing the Lillard home and with forcibly and feloniously taking the property of the Lillards on a specified date. Later a separate information was filed jointly charging Franks and Brock with the same two offenses. Neither information referred to the other. The court, over objection, ordered the causes to be tried jointly. The appellate court discussed the problem at some length, analyzed many cases, and came to the conclusion that such procedure was not authorized by law, was error, and specifically held that article VI, section $4\frac{1}{2}$ of the Constitution had no application. It is to be noted that this case involved the consolidation for trial of charges involving different defendants, but all charged with the same crime. These charges, under section 954 of the Penal Code, could have all been contained in one indictment or information, while in the instant case the trial court has attempted to consolidate for trial not only charges involving different defendants, but defendants charged with different, unconnected offenses.

The O'Connor case, *supra,* was followed in *People* v. *Foward,* 134 Cal. App. 723 [26 Pac. (2d) 532]. In that case appellant

was charged in one information with two counts of robbery. One Wooden was charged, by a separate information, with the crimes of robbery and assault with a deadly weapon. The two defendants were tried together. The opinion does not indicate whether the separately charged offenses were connected, but the inference is that they were. The court held that such procedure was not authorized by either section 954 or section 1098 of the Penal Code. In that connection the court (p. 725) stated:

"There is nothing in the language of either section authorizing the consolidation of separate informations against separate and distinct defendants. Where, as here, neither information refers in any way to the other, there can be no consolidation, regardless of evidence produced during the trial indicating that the charges relate to the same set of circumstances. This is so because in determining the rights of the parties relative to joint or separate trials in such cases, the trial court is bound by the contents of the information or indictment and cannot look beyond its averments. The matter is jurisdictional. In case the trial court, as it did here, disregards the defendants' rights and unlawfully consolidates trials, it is not mere error which can be cured by the application of the provisions of section 4½ of article VI of the Constitution. All of the above legal propositions are decided in *People* v. *O'Connor,* 81 Cal. App. 506 [254 Pac. 630], which authority is determinative of this appeal."

In *People* v. *Aguinaldo,* 3 Cal. App. (2d) 254 [39 Pac. (2d) 505], the appellate court was again presented with a situation similar to the one involved in the O'Connor case, *supra*—that is, several defendants, all separately charged, but all charged with the same offenses. The various charges were consolidated for trial. The court held that the consolidation was error, but held that it was "in sharp disagreement" with the O'Connor and Foward cases, *supra,* in so far as those cases held that the error was not one of procedure but was jurisdictional. After discussing the point at some length, the court concluded (p. 260):

"We have reached the conclusion that while the order consolidating the two cases for trial was erroneous, it was an error of procedure only and subject to the provisions of section 4½ of article VI of the Constitution." The court held that no prejudice was shown and affirmed the conviction.

The Aguinaldo case, *supra,* was followed in *People* v. *Shepherd,* 14 Cal. App. (2d) 513 [58 Pac. (2d) 970]. That case also involved different defendants separately charged with the same offense. Unlike the preceding three cases, no objection to the consolidation for trial was made. Although the court reversed the conviction on other grounds, it was held that, although it was error to consolidate, article VI, section 4½, was applicable.

■ As has been indicated, none of these cases is directly in point. In all of them the defendants could have been jointly charged in the same indictment or information. Instead, they were separately charged, and then ordered tried together. What the trial court did by such consolidation, was to accomplish, in a roundabout unauthorized fashion, a result that could have been lawfully accomplished. We are inclined to agree with the Aguinaldo and Shepherd cases, *supra,* that, in the absence of prejudice shown, the error there involved was merely one of procedure and did not justify a reversal under section 4½ of article VI of the Constitution. But that is not the situation here. In the instant case, the charges contained in indictment 31071 could not have been joined in a single indictment with the charges contained in the other two. The crimes charged were separate and distinct crimes, occurring at different times, against different persons, and were charged against different defendants. We have been cited to no case holding that the error in consolidating such indictments is not prejudicial. It would seem to us that in the very nature of things the consolidation of such separate unconnected charges for trial could not help but be prejudicial to either or both defendants. The United States Supreme Court, in *McElroy* v. *United States,* 164 U. S. 76 [17 Sup. Ct. 31, 41 L. Ed. 355], in a case factually similar to the instant one, has expressed this view in the following language (p. 80) :

"It is admitted by the government that the judgments against Stufflebeam and Charles Hook must be reversed, but it is contended that the judgments as to the other three defendants should be affirmed because there is nothing in the record to show that they were prejudiced or embarrassed in their defence by the course pursued. But we do not concur in this view. While the general rule is that counts for several felonies of the same general nature, requiring the same

mode of trial and punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election, such joinder cannot be sustained where the parties are not the same and where the offences are in nowise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defence, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions. The order of consolidation was not authorized by statute and did not rest in mere discretion.'' Although there is other language in the McElroy case which goes beyond the question here involved, and, although that broad language has frequently been questioned and explained by the federal courts, every case that we have found involving a situation similar to that here presented has resulted in a reversal on the ground the error was prejudicial. (*Brimie* v. *United States,* 200 Fed. 726 [119 C. C. A. 170]; *Coco* v. *United States,* 289 Fed. 33; *Gallaghan* v. *United States,* 299 Fed. 172; *Zedd* v. *United States,* 11 Fed. (2d) 96; *Castellini* v. *United States,* 64 Fed. (2d) 636; *Culjak* v. *United States,* 53 Fed. (2d) 554.) There is a good discussion of the various types of factual situations that may be presented in *United States* v. *Ashe,* 2 Fed. (2d) 735, 738.

That such consolidation cannot help but be prejudicial is well illustrated by the record in this case. Appellant was convicted of the robbery of a drugstore. He had one prior conviction. George Miller, charged with Doris Miller in indictment 31071 with the robbery of Dr. Hagan on January 12, 1940, was apparently an habitual criminal under life sentence. Doris Miller pleaded guilty and asked for probation. She testified against Davis admittedly in the hope of securing probation. The crime charged in indictment 31071 was one well calculated to shock the sensibilities of the jury. The record shows that Doris Miller, representing that she was a nurse, telephoned Dr. Hagan from a hotel room asking him to come to attend a sick man. When he arrived, George Miller held a gun to his back and forced him to write out several morphine prescriptions. All narcotics were taken from the doctor's kit and some money from his person. He was then tied up, placed face downwards on a bed, and left.

Appellant was not charged with this crime nor in any way connected with it.

As to the drugstore robbery of which appellant was convicted and Miller acquitted, although the evidence is sufficient to sustain the conviction, it is also true that the evidence was highly conflicting. Under such circumstances, the joining of the Hagan charge with the drugstore charge, in spite of the attempt of the trial court by its instructions to keep the charges separate, could not help but prejudice the appellant for the reasons stated in the McElroy and other cases cited *supra*.

The judgment and orders appealed from are reversed, and the cause remanded for a new trial.

Knight, J., and Ward, J., concurred.