[Crim. No. 4418. In Bank. Oct. 29, 1942.]

THE PEOPLE, Respondent, v. JAMES DUANE, Appellant.

Raine Ewell and Raoul D. Magana for Appellant.

Earl Warren, Attorney General, David K. Lener and Dennis Hession, Deputies Attorney General, for Respondent.

CARTER, J.—The appeal in this action comes before this court pursuant to an order granting a hearing after decision by the District Court of Appeal, First Appellate District, Division One. After a consideration of that decision we adopt with the omissions and additions hereinafter appearing, the opinion prepared by Mr. Justice Ward when this case was pending before the District Court of Appeal.

"Appeal from judgments and orders denying a new trial following the conviction of defendant on seven separately charged offenses. The informations charged the commission in the City and County of San Francisco of the following:

Case No. 32,109, kidnapping on March 16, 1940, of Antone Burkard with intent to commit robbery; case No. 32,111, robbery on the same occasion; case No. 32,105, assault with force and violence on July 7, 1940, on Antone Burkard, with intent to rob; case No. 32,106, kidnapping on July 10, 1940, of Allen F. McLean, with intent to commit robbery; case No. 32,107, robbery of McLean on the same occasion; case No. 32,108, kidnapping on August 6, 1940, of Frances McLean and Allen F. McLean, with intent to commit robbery; case No. 32,104, robbery of McLean on the same occasion.

"Each information charged that defendant, in the commission of the designated offense, was armed with a weapon, to wit, a pistol; and each contained an allegation of previous conviction in California of a felony, to wit, receiving stolen property, in connection with which a sentence was served; also of conviction in the State of Arizona of the crime of felony, to wit, burglary, for which sentence was likewise served. Defendant entered pleas herein of not guilty, but admitted the prior convictions. Over his objection, the above cases were consolidated, and, following trial, he was found guilty as charged in each information.

"The cases involve a series of kidnappings and robberies, the robberies being of two Safeway grocery stores, and the victims of the kidnappings, the managers thereof respectively; in one of the cases the wife of one of the managers was kidnapped with her husband. One of the cases involves an assault upon one of such managers, with intent to commit robbery.

"It is contended by appellant that the court erred in consolidating the cases for trial. So far as pertinent to the facts herein, under the provisions of section 954 of the Penal Code, two or more indictments charging offenses connected together in their commission, or crimes or offenses of the same class, may, in the discretion of the trial court, be consolidated for trial or may be divided into two or more groups and each group tried separately.

"For the purpose of convenient consideration, three of the informations may be referred to as the Burkard cases, the other four as the McLean cases. In each of the cases charging robbery, kidnapping was committed in furtherance and in consummation thereof, hence 'connected . . . in their commission.' (Pen. Code, § 954; People v. Morales, 56 Cal.App. 270 [204 P. 1088].) Among the Burkard cases

there appears an offense of assault with intent to rob, alleged to have been committed upon the same victim four months after the original robbery and kidnapping perpetrated upon him. The felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by force or fear, is robbery. (Pen. Code, §211.) One who assaults another under circumstances set forth in section 211, with intent to commit the consummated offense, is guilty of an assault with intent to commit robbery. Both offenses are denounced in the Penal Code as crimes against the person. (Pt. 1, tit. 8, chapters 4 and 6.) Each offense is characterized by practically the same essential features, except that in robbery there must be a felonious taking of property.

"Each information in the Burkard cases alleges the same perpetrator and the same victim. Up to this point the alleged offenses are sufficiently 'connected.' In *People* v. *Johnston,* 114 Cal.App. 241 [299 P. 805], it was held permissible to include robbery and burglary in the same information. However, there is a difference in the alleged dates of commission, but it has been held that this contention, standing alone, is without merit in the absence of proof of prejudice. In *People* v. *Northcott,* 209 Cal. 639 [289 P. 634, 70 A.L.R. 806], the indictment contained three counts of murder, the first alleged to have been committed on or about February 2, 1928, and the other two on or about May 16, 1928. In *People* v. *Feigelman,* 65 Cal.App. 319, 320 [223 P. 579], the court said: 'The fact that the two crimes charged against the defendant were committed, the one more than a year after the other, does not in our opinion furnish any ground for the claim that the court abused its discretion in consolidating said actions and causing them to be tried at the same time.'

"The conclusions herein relative to the Burkard cases may be considered as applicable to the McLean cases of kidnapping and robbery on July 10 and August 6, 1940. The only allegation of factual difference appearing in the informations is that in the kidnapping on August 6th it is alleged that Allen F. McLean and Frances McLean were enticed and forcibly taken away by the defendant with intent to restrain them and thereby commit a robbery. The evidence discloses that Frances McLean is the wife of Allen McLean. If appellant had been charged in a separate information with the offense of kidnapping the wife, Frances

McLean, with intent to commit robbery of the husband, Allen, on the same date, the offenses would have been sufficiently connected to warrant consolidation.

 "The next point for consideration is the consolidation of the two groups, the Burkard and the McLean cases. Here we have offenses of the same general class, but alleged to have been committed upon different persons on different dates. The different offenses of robbery, and the accompanying offenses of the same class of crime under separate counts, could have been charged in different counts in one information. Technically the consolidation was without error, but the consolidation for trial of criminal informations or indictments must be 'for good cause shown' and 'in the interest of justice,' which presupposes that the consolidation must be without prejudice to the substantial rights of the accused. A defendant may be prejudiced if forced to stand trial on one charge with a codefendant or codefendants who are charged with a distinct and unconnected offense. The charges may be of the same class and therefore subject to consolidation, but if unconnected and dependent upon evidence of an entirely different state of facts, one defendant may be prejudiced by evidence introduced in support of an information charging a second defendant with a separate offense. This state of facts appeared in *People* v. *Davis,* 42 Cal.App.2d 70 [108 P.2d 85]. (See, also, *People* v. *O'Connor,* 81 Cal.App. 506 [254 P. 630]; *People* v. *Foward,* 134 Cal. App. 723 [26 P.2d 532]; *People* v. *Aguinaldo,* 3 Cal.App.2d 254 [39 P.2d 505]; *People* v. *Shepherd,* 14 Cal.App.2d 513 [58 P.2d 970].)

 "Based upon the above, as applied to the facts in the present case, we find that no valid objection could be presented to the consolidation of the Burkard and McLean cases solely upon the difference in allegations of dates of commission of the offenses unless peculiar circumstances surrounding the transactions, which do not appear on this appeal, should of themselves indicate that the defendant would be prejudiced by the consolidation.

"One further factual subject deserves consideration, namely, the perpetration of the crimes upon different victims. A consolidation under circumstances unnecessary to mention, which do not apply to the present case, may give rise to a reasonable conclusion that a defendant has in fact been prejudiced. However, the consolidation of indictments

alleging different dates and different victims has been approved in this state. In *People* v. *Kelly*, 203 Cal. 128, 133-134 [263 P. 226], the offenses alleged in different counts presumably were committed on the same date. In that case the court said: 'Appellant therefore argues that the provision of law (Pen. Code, § 954), under which the present indictment was filed, is unconstitutional in that it makes it possible for one, accused as he was, to be placed on trial at the same time, and with the same jury, on three separate and distinct charges of murder committed at different times, at different places, upon different individuals, and requiring different evidence from different witnesses to establish each separate act. We know of nothing in the state or federal Constitutions sustaining appellant's position, and we do not agree with his contention that two crimes of the same grade, or class, could not be joined in separate counts in one indictment at the common law.' In *People* v. *Hanna*, 100 Cal. App. 509 [280 P. 379], two defendants were charged jointly in one information with robbery, and in a second information with another robbery. One of the defendants pleaded guilty to one of the charges. The court properly granted a motion that the two defendants be tried separately, and that the two charges against one of them be consolidated. In *People* v. *Northcott, supra,* the defendant was charged with three crimes of murder on two separate dates. Evidence of separate and distinct crimes other than murder, having no direct connection with the charges of murder alleged in the indictment, was introduced for the purpose of establishing a general scheme or plan. Had Northcott been granted separate trials, the facts of one murder might with equal force have been introduced for the same purpose. In *People* v. *Thorn*, 138 Cal.App. 714, 734-735 [33 P.2d 5], the court said: 'As we have seen, the three groups of crimes joined are forgery, fraud in keeping accounts in corporate books, and presenting false claims of insurance. The legislature, it seems to us, meant by the use of the words, ''the same class of crimes or offenses,'' in such section, offenses possessing common characteristics or attributes, and it would seem that the different offenses set out in the information here do have many attributes in common. Fraud is involved in them all, and the purpose of each is to obtain property or credit by false writings. The inference drawn by the jury was that

they were so used. The offenses charged were closely related in the plan and scheme of their commission, and the joinder saved useless repetition of evidence, time and expense, both to the state and to the defendant. We think the different offenses were properly joined.' In *People* v. *Garcia*, 2 Cal.2d 673 [42 P.2d 1013], the defendant was tried for two separate murders. At pages 680-681, the court said: '. . . the evidence when considered in its entirety suggests that the two homicides were the culmination of a plan on defendant's part to ''get'' his two victims before they ''got'' him.'

''In the present case the defendant had developed a well defined plan to unlawfully and feloniously obtain the property of Safeway Stores, Inc. The assault by force, violence and intimidation, and the kidnapping of Burkard, McLean, and the latter's wife, were merely incidents to the accomplishment of his purpose. The methods used in the perpetration of the crimes were manifestly similar. The consolidation saved the state and the defendant the ordeal of possibly seven separate trials. ▮ The consolidation was not jurisdictional; merely procedural. (*People* v. *Thomas,* 45 Cal.App.2d 128 [113 P.2d 706]; *People* v. *Aguinaldo, supra; People* v. *Shepherd, supra.*) It is incumbent upon defendant on appeal to show substantial prejudice to his rights. A bald declaration by his attorney is insufficient upon which to base error. **[3c]** 'The determination whether a motion for severance of trial should be granted always rests within the sound discretion of the trial judge. There can be no clearly defined rule for determining when a defendant is entitled to a separate trial because the exercise of discretion means that the decision must be based upon a just and proper consideration of the particular circumstances which are presented to the court in each case. Only where an abuse of discretion is shown will the ruling of the trial court be disturbed upon appeal.' (*People* v. *Eudy,* 12 Cal.2d 41, 46 [82 P.2d 359].) What has been said of severance is equally applicable to consolidation. An abuse of discretion herein is not shown—on the contrary, the order of consolidation appears to be in the interest of justice.

''The nature and character of many of the objections raised by the attorney for appellant cannot be definitely determined. In many instances reference to certain cross-examination is set forth as improper, the reviewing court being left to conjecture the basis of the claimed impropriety.

However, in justice to the appellant, the entire record has been considered. It does not reveal misconduct on the part of the court or the district attorney, as contended by appellant, that could be the basis for a holding of prejudicial error. The evidence contained in the record—as to which, except that relating to alibis, there is little, if any, dispute— is sufficient to uphold conviction of each offense charged.

■ "There is testimony that appellant at the time of the commission of one of the offenses showed his victim a box which he said contained dynamite, stating that it would be used to blow up Burkard's home if he refused to obey appellant's orders. This evidence appears in proof of the allegations of the Burkard robbery and kidnapping cases. About the time of appellant's arrest, a package containing dynamite was removed from his car. Appellant's claims— that his statement that the box contained dynamite was no proof that it actually did, and that evidence of a test explosion of the dynamite by the police was fabricated to impress the jury—are without merit. At least the jury's implied finding is binding on this court.

■ "A substantial conflict appears in each instance wherein appellant offered evidence tending to prove an alibi. The credibility of the witnesses in this as in other respects was a matter solely for the consideration of the jury."

■ Appellant contends, with respect to cases Nos. 32,106 and 32,107, that prejudicial error was committed in refusing to allow Mrs. Leep, a witness called by him to testify. The background of that refusal was as follows: At the beginning of the trial an order was made excluding all witnesses. Mrs. Leep, an attorney-at-law who had been appellant's counsel in civil matters, was seated at the counsel table with appellant's attorney, Mr. Toner, throughout the trial in the instant case and consulted with him and appellant from time to time. She was not, however, formally associated with Mr. Toner as defendant's counsel in the instant case. The prosecution asked several of appellant's witnesses on cross-examination whether they had consulted with Mrs. Leep prior to taking the stand, the last witness so questioned being Mrs. Meegan, by whom appellant sought to prove an alibi in action No. 32,109. Mrs. Meegan testified that she had discussed her testimony with Mrs. Leep, but that Mrs. Leep had not suggested any testimony to be given by her.

The record discloses that after Mrs. Meegan left the stand the following transpired: "Mr. Toner (appellant's counsel): I would like at this time to ask Mrs. Leep to take the stand. Mr. Skillin: Well, of course we object, if your Honor please, to Mrs. Leep being sworn or testifying in this matter. THE COURT: She interviewed all of the witnesses. I couldn't allow it. She has been sitting here in court all the time the witnesses were being examined. MRS. LEEP: It is really my fault. I forgot I wasn't the man's attorney, because I had acted as his attorney, and I really felt in my heart I still was his attorney, and I have been trying to help him, as you know, here. THE COURT: There is no need of making any speech here, Mrs. Leep. MR. TONER: Well, I am calling her, if the Court please, in good faith, because I feel that she didn't at the time realize as she sat here at counsel table that she would be excluded and not allowed to come forward as a witness in this matter. And that is why I am calling her. THE COURT: I don't see how I can permit it, under the objection." Thereafter appellant testified that he was with Mrs. Leep in connection with a transaction in which she was advising him on July 10, 1940, during the time the crimes charged in cases Nos. 32,106 and 32,107 were claimed to have been committed. The situation was thus one in which a defendant's witness in a criminal action was not permitted to testify on his behalf or even take the stand, because she had violated the court's order excluding witnesses. In connection with that violation there is no suggestion of collusion between defendant and the witness, nor does it appear that he had any control over her conduct. From all that appears the witness was acting in entire good faith, believing that she was not included in the order of exclusion because she was assisting as counsel in the defense of defendant.

There can be no doubt that the court committed error in refusing to permit Mrs. Leep to testify. The violation by a witness of an order excluding witnesses from the courtroom does not make such witness incompetent nor furnish grounds for a refusal to permit him to testify. The proper recourse is contempt proceedings against the witness. (*People* v. *Russell*, 34 Cal.App.2d 665 [94 P.2d 400]; *Mintzer* v. *Wilson*, 21 Cal.App.2d 85 [68 P.2d 370]; *People* v. *Mack*, 115 Cal. App. 588 [2 P.2d 209]; *People* v. *Talkington*, 8 Cal.App.2d 75 [47 P.2d 368].)

It is obvious that testimony by Mrs. Leep concern-

ing appellant's claimed alibi for the crimes charged in cases Nos. 32,106 and 32,107, was of vital importance to appellant and the exclusion thereof would necessarily be prejudicial unless it may be said that appellant cannot show prejudice because he made no offer of proof showing the character of Mrs. Leep's proposed testimony. It is true that no such offer was made but it was unnecessary under the circumstances here presented. It will be remembered that appellant testified that at the time the crimes were committed in those cases, he was with Mrs. Leep, and the latter was not even permitted to be sworn or take the witness stand. She was not permitted to testify as a witness for any purpose on any matter whatsoever. True, she was called to the stand before appellant had testified to circumstances vital to his alibi, but the reasons for the rule requiring an offer of proof are that the trial court may have an opportunity of ascertaining the admissibility of the offered evidence and to enable a reviewing court to determine whether there was error in excluding the evidence, and if so, whether it was prejudicial. Here, under the latter reason, it is clear that prejudicial error was committed. Although the witness immediately preceding the calling of Mrs. Leep had been questioned regarding a discussion of her testimony with Mrs. Leep, and from that it might appear that the latter's testimony would deal with that subject, the entire record should be examined; and the more reasonable conclusion is that Mrs. Leep was to be used to establish appellant's alibi. That view is fortified by the fact that the preceding witness admitted that she discussed her testimony with Mrs. Leep. Manifestly, it would have been an idle gesture for appellant to again attempt to have Mrs. Leep testify after he had testified with reference to the alibi because the court had absolutely refused to permit her to testify upon any subject under any circumstances, and that refusal had no relation to and was not based upon the nature, admissibility, or relevancy of any testimony she might give. Rather, it was a declaration that she was wholly incompetent to testify in the case. Where the trial court erroneously refuses to permit a witness to take the stand or be sworn to testify under any circumstances or upon any subject without regard to the question of the admissibility or relevancy of the evidence the witness might give, basing its refusal on the ground that the witness is

wholly incompetent to testify, and it can be ascertained from the record that the witnesses' testimony would be vital, no offer of proof is necessary to establish that such error was prejudicial. (See *Theatrical Enterprises, Inc.* v. *Ferron,* 119 Cal.App. 671 [7 P.2d 351]; 64 C.J. 123.) The judgments of conviction in actions Nos. 32,106 and 32,107, must therefore be reversed.

 ''In action No. 32,105 appellant was charged with assault with intent to commit robbery, wherein it was alleged also that he was armed with a weapon, to-wit, a pistol, and the jury returned two separate verdicts, one finding appellant guilty of 'assault with intent to commit robbery, as charged in the information,' and the second finding that 'the charge of being armed with a weapon' was true. There is no direct proof that on this occasion appellant was armed with a pistol. There is evidence that he approached his victim, Burkard, menacingly; that Burkard ran, and that appellant ordered him to halt or be shot. Upon the calls of Burkard's wife for help, and the appearance of others at the scene, appellant disappeared. However, the charge of assault with intent to commit robbery is based on the provisions of section 220 of the Penal Code, and upon an examination thereof it will be found that in order to establish the crime denounced therein it is not essential to prove that the perpetrator was armed with a weapon. The charge that he was so armed was added and the separate verdict based thereon was returned to conform to the requirements of sections 969c and 1158a of the Penal Code; that is, for the benefit of the Board of Prison Terms and Paroles in fixing the minimum term of imprisonment. Therefore the insufficiency of the evidence to support the latter verdict does not serve as ground for reversal of the conviction based on said section 220. It appears, however, that after properly pronouncing sentence on this conviction, the trial court in the exercise of the authority conferred by section 669 of the Penal Code, made an order that the sentence run consecutively to those pronounced on certain other convictions. It is ordered, therefore, that the order so made be set aside and that a new order be entered by the trial court directing whether, in view of the present state of the record, the appellant shall serve the sentence heretofore pronounced on this conviction concurrently with or consecutively to any other sentence or sentences imposed; that said new order be made and entered within sixty

days after the filing of the remittitur herein in the trial court, and that a copy thereof be forwarded to the warden of the state prison wherein appellant is imprisoned.

"In accordance with the views above expressed it is ordered that the judgment of conviction in action No. 32,105 be modified by striking therefrom the words 'while armed with a weapon,' and as so modified the judgment of conviction (in that action) and the order denying the motion for new trial be and the same are affirmed." It is ordered that the judgments of conviction and the orders denying motions for a new trial in actions Nos. 32,106 and 32,107, be and they are hereby reversed. The judgments of conviction and orders denying new trials in each of the remaining actions are affirmed. It is further ordered that a copy of the remittitur herein be served upon the Board of Prison Terms and Paroles.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J. pro tem., concurred.