## UNITED STATES v. KOVICH.

### SAME v. KUBILLUS.

### SAME v. BARBER.

#### Nos. 1890–1892, Cr.

District Court of Alaska. Third Division. Anchorage.

Feb. 4, 1946.

Noel K. Wennblom, U. S. Atty., and Raymond E. Plummer, Asst. U. S. Atty., both of Anchorage, for plaintiff.

George B. Grigsby, of Anchorage, for defendants.

DIMOND, District Judge.

The United States Attorney has filed in each of the above entitled cases a motion to consolidate all three cases for trial. The motion in each case is supported by his affidavit which is set forth in full as follows:

"I Noel K. Wennblom, being first duly sworn, on oath depose and say:

"That I am the United States Attorney for the Territory of Alaska, Third Division, and make this affidavit in support of a motion to consolidate for the purpose of trial the indictments, now on file, in the above entitled court, in criminal cases entitled United States of America, plaintiff, v. Gus Kovich, defendant, No. 1890 criminal; United States of America, plaintiff, v. Edward Anthony Kubillus, defendant, No. 1891, criminal; and, United States of

America, plaintiff, v. Harrison Lee Barber, defendant, No. 1892, criminal; that the indictment of each of said cases was prepared under my personal supervision; that, except for the fact that the name of defendant is different in each of said indictments as will appear from said indictments now on file therein, the said indictments are word for word and exactly the same in every respect and that said indictments all relate to the same crime which was committed at the same time and at the same place by the concerted action of the defendants named in said indictments to wit: Gus Kovich, Edward Anthony Kubillus, and Harrison Lee Barber; that almost, if not exactly, the identical evidence will be produced upon the trial of each of said defendants if tried separately; that no prejudice nor embarrassment to either of said defendants will result from a consolidation, for purpose of trial, of each and all of said indictments; that a great saving in time of the court, and persons required to remain in attendance as jurors and witnesses, will result from a consolidation of said indictments for trial; that in the interest of economy said indictment should be consolidated for a purpose of trial.

"/s/ Noel K. Wennblom
"United States Attorney
"Subscribed and sworn before me this 31st day of January, 1946.
"/s/ M. E. S. Brunelle
"Clerk of Court"

The motions are resisted by Mr. George B. Grigsby, attorney for each of the defendants, upon the ground that the law does not authorize or permit consolidation in such cases where the defendants have been indicted separately, although admitting that in the instant cases the indictments are substantially identical except as to names of parties. No counter showing has been made. An inspection of the indictments shows that the crime charged is the same in each case, and that the property alleged to have been stolen in each indictment is identical with the description of the property in each of the other indictments, and so the only issue is whether consolidation for trial under such circumstances is permitted by law.

Our statute upon the subject, Sec. 5213, Compiled Laws of Alaska 1933, was enacted by the Alaska legislature in 1913, as Chaputer 39 of the Session Laws of Alaska for that year. Evidently, it is taken from, and is identical with, Sec. 1024, U.S.R.S., now to be found in Title 18, Sec. 557, U. S.C.A. It is quoted below:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The District Court of Alaska has never passed upon the precise question involved in any reported case, but the parent statutory provision, U.S.R.S., Sec. 1024, has been construed in a number of cases.

While the recorded judicial opinion is not harmonious, whatever doubt might otherwise be entertained concerning the proper construction of the local statutory provision above quoted, is resolved by the controlling decision of the United States Circuit Court of Appeals for the Ninth Circuit in the case of Morris v. United States, 9 Cir., 12 F.2d 727, amply sustaining the construction suggested by the government here, to be exercised in proper cases where the facts justify consolidation.

It is significant that the view urged by the government will indubitably be the law on and after March 22, 1946, when the Rules of Criminal Procedure for the District Courts of the United States go into effect, for in those rules we find the following as Rule 13:

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

For convenience, listed below are the judicial opinions cited respectively by the United States Attorney and by the Attorney for the Defendant as follows:

In support of the motions:

1. Firotto v. United States, 8 Cir., 124 F. 2d 532;
2. Davis v. United States, 5 Cir., 12 F.2d 253, certiorari denied, 271 U.S. 688, 46 S.Ct. 639, 70 L.Ed. 1153;
3. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429;
4. United States v. Silverman, 3 Cir., 106 F.2d 750;
5. Dolan v. United States, 8 Cir., 133 F. 440;
6. Kelly v. United States, 6 Cir., 258 F. 392, certiorari denied, 249 U.S. 616, 39 S.Ct. 391, 63 L.Ed. 803;
7. Bucklin v. United States, 159 U.S. 682, 16 S.Ct. 182, 40 L.Ed. 305;
8. United States v. Smith, 2 Cir., 112 F.2d 83;
9. Emanuel v. United States, 2 Cir., 196 F. 317;
10. Morris v. United States, 9 Cir., 12 F.2d 727;
11. McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355;
12. People v. Aguinaldo, 3 Cal.App.2d 254, 39 P.2d 505;
13. People v. Shepherd, 14 Cal.App.2d 513, 58 P.2d 970;
14. Commonwealth v. McCord, 116 Pa.Super. 480, 176 A. 834;
15. Commonwealth v. Daughinee, 121 Pa. Super. 565, 183 A. 807;
16. Commonwealth v. Martin, 125 Pa.Super. 104, 189 A. 500;
17. Brown v. United States, 8 Cir., 143 F. 60.

Against the motions:

1. United States v. Durkee, 1856, 25 Fed. Cas. page 939, No. 15,008;
2. Castellini v. United States, 6 Cir., 64 F. 2d 636;
3. Zedd v. United States, 4 Cir., 11 F.2d 96;
4. Gallaghan v. United States, 8 Cir., 299 F. 172.

Order for consolidation may be made accordingly.