[Crim. No. 4095.   First Dist., Div. Three.   Oct. 29, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. A. D. FAIR-
CHILD, Defendant and Appellant.

Andrew H. D'Anneo, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found appellant and one McKnight guilty of first degree robbery (Pen. Code, § 211). Appellant moved for new trial on the ground of newly discovered evidence. His motion was denied, and he was sentenced to prison. He properly asks that we review the order denying new trial upon this appeal from the judgment (Pen. Code, § 1237).

At 2:45 a. m. two men entered a service station. One asked Schumann, the operator, for change. As Schumann opened the cash box, one of the men, identified as McKnight, pointed a gun at Schumann, and said "this is a stickup." McKnight and his companion, identified by Schumann as appellant, then took all the money from the cash box, plus Schumann's wallet, and left. Another service station in a nearby city was robbed some 45 minutes later, and a description of the automobile used in that robbery was broadcast by police radio. At about 4 a. m. a police officer saw a car answering the description, gave chase, and, when he stopped the car, found it driven by McKnight with appellant occupying the front seat. They were arrested, identified by Schumann, and tried. A police officer testified that several days after the arrest he interviewed McKnight, who said that he and appellant had discussed, before the robbery, which of them should handle the gun.

McKnight did not testify at trial. Appellant did, asserting that: he was drunk on the night in question; he got into the back seat of McKnight's car; he remembered that another man whom he did not know occupied the front seat with McKnight; appellant went to sleep in the back seat and did not awaken until roused by the lurching of the speeding car as McKnight fled from the pursuing police vehicle.

McKnight's affidavit in support of appellant's motion for new trial alleged that McKnight and a man known to him only by his first name, Floyd, robbed Schumann, and that appellant was in a drunken stupor in the back seat of the McKnight car and did not participate in the robbery. McKnight averred that he would testify to these facts if new trial were granted to appellant.

One of the elements which must be established to

warrant new trial on the ground of newly discovered evidence is that the evidence be such as to render a different result probable on retrial (*People* v. *McGarry,* 42 Cal.2d 429, 433 [267 P.2d 254] ; *People* v. *Beard,* 46 Cal.2d 278, 281 [294 P.2d 29] ).  ▪  This issue is particularly addressed to the sound discretion of the trial court (*People* v. *Sing Yow,* 145 Cal. 1, 4 [78 P. 235] ). While in some cases the record may be so clear as to require holding on appeal that denial of the motion is an abuse of discretion (*People* v. *Williams,* 57 Cal.2d 263 [18 Cal.Rptr. 729,.368 P.2d 353] ; *People* v. *Shepherd,* 14 Cal. App.2d 513 [58 P.2d 970] ) such instances are rare.  ▪  In general, such motions are looked upon with disfavor (*People* v. *Yeager,* 194 Cal. 452, 491 [229 P. 40] ), and an appellate court will not interfere in the absence of a clear showing of abuse of discretion (*People* v. *McGarry, supra,* at pp. 432-433).

▪  Here the trial court could consider that McKnight's affidavit gave only a most limited identification of his alleged accomplice, and carefully refrained from any evidence which would permit discovery of this vague person.  ▪  McKnight's extrajudicial statement that he and appellant were the robbers was admitted only against McKnight at the trial, but could be looked to as impeachment of the story told by his affidavit. The affidavit also was contrary to evidence that appellant was not intoxicated when arrested and booked. Moreover, the trial judge saw and heard the victim, Schumann, as he identified appellant to the jury. Appellant now argues that Schumann's identifying testimony was somewhat weakened on cross-examination. But he reaffirmed it on redirect, and the trial judge can best evaluate its weight.  ▪  We are satisfied that the discretion of the trial court was fairly and reasonably exercised.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.