## CRUYSEN v. SCUDDER.

No. 14253.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1954.

Morgan V. Spicer, H. R. Whiting, San Francisco, Cal., for appellant.

Edmund G. Brown, Atty. Gen., Charles E. McClung, Clarence A. Linn, Asst. Attys. Gen., State of California, Kenyon J. Scudder, Superintendent, California Institution for Men, Chino, California, for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

PER CURIAM.

Appellant Cruysen petitioned for a writ of habeas corpus in the District Court for the Southern District of California. The petition was denied. He appeals. We are of the opinion that the United States District Court had no jurisdiction to hear the petition because appellant has not exhausted his state remedies.

From his conviction in the state court Cruysen appealed to the District Court of Appeal, Fourth Appellate District, of the State of California. That court affirmed the conviction. People v. Van Bibber, 96 Cal.App.2d 273, 215 P.2d 106. Cruysen then petitioned the Supreme Court of the State of California for a hearing. This was denied.

Cruysen did not apply to the Supreme Court of the United States for a writ of certiorari. He asserts that it was impossible for him to comply with this requirement in the exhaustion of state remedies because the records and papers upon which he must rely in petitioning the Supreme Court of the United States for certiorari were lost by the prison officials in whose custody he then was.

Without deciding whether the reasons advanced for the failure to petition the United States Supreme Court for certiorari rendered that step in the exhaustion of state remedies unnecessary, we think a state remedy which has not been exhausted is still available, viz: a petition to the California state courts for a writ of habeas corpus. Cruysen says it would be useless to so petition the Cali-

fornia courts because said courts have passed upon the exact questions which could be presented by a petition for the writ. Nevertheless, a petition for a writ of habeas corpus to the state courts would, in the event a decision of the California courts were adverse, permit Cruysen to apply to the United States Supreme Court for a writ of certiorari and thus exhaust a remedy of which he has failed to avail himself.

The order denying the issuance of the writ and dismissing the petition is affirmed.