Gordon K. DARCY, Appellant,

v.

Harley O. TEETS, Warden of the California State Prison at San Quentin, Appellee.

No. 14962.

United States Court of Appeals Ninth Circuit.

March 29, 1956.

Gordon K. Darcy, in pro. per.

Edmund G. Brown, Atty. Gen., Arlo Smith, Deputy Atty. Gen., State of California, for appellee.

Before STEPHENS, POPE and LEMMON, Circuit Judges.

STEPHENS, Circuit Judge.

Petitioner was heretofore convicted of a State offense and is presently restrained of his liberty by the State under a judgment of a competent State court. We have examined the petition for the issuance of the writ of habeas corpus, which petition was denied by the United States District Court, and find that it shows upon its face that petitioner has not exhausted his State remedies. He has been denied the writ by State courts under petitions presented while he was under State restraint by virtue of a sentence for another offense. No authority need be mentioned for the well known principle that the writ will not issue where it could not free the petitioner from restraint.

However, petitioner is now free from restraint other than the restraint upon the judgment in the instant case, and appears to be free to have his petition for the writ considered upon its merit by the State courts.

Appellant-petitioner has moved for permission to prosecute his appeal to this court in forma pauperis, which motion was denied by the United States District Court in the following language:

"Concerning [such application] the court does not believe the appeal presents a substantial question for decision, or that the appeal is taken in good faith." (See § 1915, Title 28 U.S.C.A.)

■ There is nothing in the record to indicate that the district court was in error in ruling as it did. From what we have already said, it is apparent that the United States District Court was right in denying the motion to proceed in forma pauperis.

Appellant-petitioner also moves to be allowed to present his appeal upon typewritten briefs and record. In the circumstances this motion should also be denied.

The motions are denied.

LEMMON, Circuit Judge (concurring).

While I agree with my colleagues that the appellant's motions should be denied, it is my opinion the order of the District Judge, dated June 6, 1955, denying the appellant's motion for leave to file in forma pauperis and denying his petition for a writ of habeas corpus, should be affirmed for the paramount and overriding reason that the appellant has failed to exhaust his state remedies. I do not think that the main opinion makes it clear that its decision is based upon such failure as the controlling ground.

In my view, both the statute and the decisions of this court stress the principle that the exhaustion of state remedies is an indispensable condition precedent to our issuing the writ in a case of this kind.

A brief review of the record and of the applicable law may be helpful.

The petition for a writ of habeas corpus recites that "by action taken on April 6, 1955, by the Adult Authority of the State of California, petitioner's term for (a) Santa Clara County offense was terminated. Thus, removing the obstacle to having his petition for a writ of habeas corpus directed at the judgment of conviction entered in the Superior Court of the County of Los Angeles, heard on its merits."

Nowhere in his petition or in his brief before this Court does he allege that since he has begun serving his sentence for *the Los Angeles County offense* he has applied for a writ of habeas corpus in any state court.

In such a posture of the case, a Federal court is *commanded* to refuse the application for a writ of habeas corpus. Section 2254 of 28 U.S.C.A. reads as follows:

"§ 2254. *State custody; remedies in State courts*

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *shall* not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant *shall* not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, *by any available procedure*, the question presented." (Emphasis supplied.)

Not only is the foregoing language unmistakably and emphatically mandatory, but the appellant's own brief clearly indicates the reason why he could not properly apply to *any* court for habeas corpus in connection with his *Los Angeles County* sentence. Attempting to answer the objection of the District Court "That three previous petitions had been denied" by it, the appellant asserts:

"The three previous denials were based upon the ground that petitioner was still serving a sentence under a commitment issued by the Superior Court for Santa Clara County in 1945 and that the petition attacking the judgment of the Superior Court of the County of Los Angeles were premature."

Furthermore, in 1955, the appellant filed a motion in this Court, seeking to dismiss his appeal from a judgment denying his application for a writ of habeas

corpus, the ground for his motion being "that the application was premature due to the fact that he was serving time for another judgment." His motion was granted on April 25, 1955.

Both the Supreme Court of the United States and the Supreme Court of California have held that "A sentence which the prisoner has not begun to serve cannot be the cause of restraint which the statute makes the subject of inquiry." McNally v. Hill, 1934, 293 U.S. 131, 138, 55 S.Ct. 24, 27, 79 L.Ed. 238; In re Rosencrantz, 1931, 211 Cal. 749, 752, 297 P. 15; In re Drake, 1951, 38 Cal.2d 195, 198, 238 P.2d 566.

Since April 6, 1955, however, when the Santa Clara sentence was terminated, the appellant has been free, for the first time, to pursue his State remedies with reference to the Los Angeles County sentence. He agrees that an "obstacle" has been removed from his recourse to habeas corpus; but he misconceives the *jurisdiction* in which he should first seek his remedy. That jurisdiction is *State* instead of *Federal*.

So plain and emphatic is the language of Section 2254 that we need mention only one recent decision of this Court in which that statute's mandate has been carried out. In Cruysen v. Scudder, 9 Cir., 1954, 215 F.2d 512, 513, we said:

> "Without deciding whether the reasons advanced for the failure to petition the United States Supreme Court for certiorari rendered that step in the exhaustion of state remedies unnecessary, we think a state remedy which has not been exhausted is still available, viz.: a petition to the California state courts for a writ of habeas corpus. Cruysen says it would be useless to so petition the California courts because said courts have passed upon the exact questions which could be presented by a petition for the writ. *Nevertheless, a petition for a writ of habeas corpus to the state courts would, in the event a decision of the California courts were adverse, permit Cruysen to apply to the United States Su-*

*preme Court for a writ of certiorari and thus exhaust a remedy of which he has failed to avail himself."* (Emphasis supplied.)

I agree that the District Court's certificate of July 12, 1955, stating that the Court did "not believe the appeal presents a substantial question for decision, or that the appeal is taken in good faith," was adequate.

But I would base the judgment of the Court chiefly upon the ground that, having failed to exhaust his State remedies, the appellant cannot prevail in a suit seeking a writ of habeas corpus in a Federal Court, in an effort to gain his freedom while serving a sentence of imprisonment imposed by a State court.

The order of June 6, 1955, should be affirmed.