[Crim. No. 6885.   Second Dist., Div. Three.   May 6, 1960.]

THE PEOPLE, Respondent, v. FAUSTINO MARTINEZ, Appellant.

Faustino Martinez, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a jury trial, Faustino Martinez was found guilty of an offense of second degree burglary and he appeals. Martinez represented himself at the trial. He applied for appointment of counsel on the appeal. After reading the record we denied the application for the reason that the appeal has no semblance of merit and appointment of counsel would serve no useful purpose. Martinez has filed an opening and a closing brief which present every conceivable argument for a reversal.

The conviction was based upon evidence of the following facts. On March 24, 1959, a burglary was committed in the house of a Mrs. Margaret Aguilar. The property stolen included a television set, a hi-fi set with four gold-tipped legs and some clothes belonging to her brother, Raoul Morales. Morales testified that at about 2 p.m. he saw appellant walking toward his sister's house. Upon returning to the scene about half an hour later Morales saw appellant and another man standing beside a black Pontiac parked in front of the house. He heard appellant ask: "What about the records?" The other man replied: "We'll come back for them later." Morales saw his sister's hi-fi set in the trunk of the car; he recognized it by the gold-tipped legs. A few days later, Morales identified appellant in a police line-up. Prior to the line-up, Sergeant Van Dahlen had the first of three conversations with Martinez. At that time appellant denied his guilt of burglary.

When told that Morales had identified him, appellant admitted burglarizing the house and "fencing" the stolen articles for narcotics. After being held to answer at the preliminary, appellant told Van Dahlen that he committed the burglary with one Morones, using the latter's black Pontiac automobile. Van Dahlen testified that all appellant's statements were free and voluntary. Appellant took the stand and gave an account of his whereabouts on March 24th; he denied being in the vicinity of Mrs. Aguilar's house and denied admitting his guilt to Sergeant Van Dahlen. On cross-examination he admitted having suffered two prior felony convictions, one of forgery and one of burglary.

■ Numerous points are advanced on the appeal. The first point requiring discussion is that the court lacked jurisdiction over the case for the reason that appellant was unlawfully arrested without a warrant. There is no basis for the contention. No evidence was received concerning the circumstances of the arrest and the People did not seek to introduce any evidence obtained by the arresting officers. Furthermore, even if the evidence had established an illegal arrest the court would not thereby have been deprived of jurisdiction over the proceedings. (*People* v. *Valenti,* 49 Cal.2d 199 [316 P.2d 633].)

■ The second point is that the court committed error in admitting in evidence a photograph of Martinez. The photograph was dated 1947 and bore an identification number and an inscription stating that it was an official record of the sheriff's department. The exhibit was received without objection. Appellant had been asked on cross-examination whether he usually wore glasses and he replied that he did, whereupon the deputy showed him the photograph, which depicted him without glasses. The use of the picture could have served no purpose unless it was to remind appellant that he had suffered two prior felony convictions, which he promptly admitted.

■ It is next contended that the court erred in receiving testimony of Van Dahlen that appellant admitted committing another burglary on March 24th. During cross-examination of Van Dahlen, Martinez asked whether the officer made any notes of their second conversation and at appellant's request the notes were produced. Van Dahlen was asked to explain the notes on redirect. The notes were very sketchy. One notation read: "2d within 3 hours." The officer explained that appellant had admitted burglarizing another house three hours before the Aguilar burglary. No objection was made

to this testimony and the notes were introduced in evidence as a defense exhibit. The failure to object precludes consideration of the point on the appeal. (3 Cal.Jur.2d 634.)

At the close of the People's case appellant requested the court to order the arresting officers to appear as witnesses on his behalf. When questioned by the court he stated his belief that they would testify that at the time of his arrest he denied committing the Aguilar burglary. The court refused to subpoena the officers and under appellant's fourth point the ruling is assigned as error. We find no ground for complaint. Officer Van Dahlen had testified to appellant's denial and there was no testimony to the contrary.

The next point to be considered is that the court should have excluded appellant's confession because it was not shown to have been made freely and voluntarily. The argument is without merit. Sergeant Van Dahlen testified that appellant's statements were free and voluntary. This was sufficient to qualify the confession. (*People* v. *Pongetti*, 72 Cal.App.2d 749 [165 P.2d 479].)

Appellant's sixth point is the claimed insufficiency of the evidence to sustain the conviction. He argues that the testimony of Morales was insubstantial and inconclusive and the evidence of his statements to Van Dahlen worthless without corroboration. We cannot agree. The effect to be given to the identification testimony was a question for the jury, not for a reviewing court. (*People* v. *Van Bibber*, 96 Cal.App. 2d 273 [215 P.2d 106].) There was no necessity that Van Dahlen be corroborated. We think the evidence was amply sufficient to establish appellant's guilt of burglary.

Under the last point requiring discussion Martinez argues that he was deprived of his right to representation by counsel. The record discloses that he waived his right to counsel. The court offered to appoint an attorney for him at the commencement of the trial and renewed the offer at the probation and sentence hearing but on both occasions appellant stated that he wanted to represent himself. He argues that he was not competent to decide whether he needed the services of an attorney but the record shows that he was fairly well versed in trial procedure.

We have examined appellant's other claims of error and find them to be groundless and undeserving of particular discussion.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.