[Crim. No. 5683. First Dist., Div. Four. June 26, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. HARREL
JAMES COOK, Defendant and Appellant.

Harrel James Cook, in pro. per., and James C. Rosa, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Timothy A. Reardon, Deputy Attorney General, for Plaintiff and Respondent.

RATTIGAN, J.—After a jury trial, appellant was convicted of robbery (Pen. Code, § 211) and of burglary with intent to commit robbery (Pen. Code, § 459). On his appeal from the judgment, the question presented is whether the trial court erred in admitting in evidence a police photograph of appellant. The photograph in question is in the format described in the vulgate as a ''mug shot.''

The information charging appellant was filed, as amended, in 1966. With the burglary count on which he was convicted, it charged a prior felony conviction under federal law (selling a narcotic drug). The prior was alleged to have occurred in 1961. Upon arraignment, appellant pleaded not guilty to all counts.[1] He admitted the prior conviction, thereby invoking the application of Penal Code section 1025. Section 1025 provides among other things that the charge of such prior conviction, so admitted, ''must not be . . . alluded to on the trial.''[2]

---

[1]The amended information charged appellant in three counts. The jury, finding him guilty on the two counts mentioned, acquitted him on a third count of burglary with intent to commit theft. (Pen. Code, § 459.)

[2]The statute also provides that a defendant charged with a prior conviction must be asked whether he suffered it, and that his answer ''must be entered in the minutes of the court.'' The required minute entry was not made in this case, and the original record on appeal did not show that appellant had been questioned concerning the prior conviction charged, or whether he had admitted or denied it. In the briefs and at oral argument, the parties agreed that section 1025 had been followed in fact and that appellant had admitted the prior. Upon subsequent order of this court, the record on appeal was augmented with a reporter's

The victim of the crime was Al Wong, who was robbed in his grocery store in the City of San Pablo. At the trial, Mr. Wong identified appellant as one of four colored men who robbed him. Another witness, Mrs. Barker, testified that she saw four colored men loitering near the store four days before the crime. In the courtroom, she identified appellant as one of the men.

Mr. Wong and Mrs. Barker both testified they examined some police photographs shown them by Officer McIntosh of the San Pablo Police Department. Mr. Wong did not testify that he had identified appellant in any of the pictures. Mrs. Barker testified that she did not remember whether she saw a picture of appellant among the photographs, and that she did not know whether she had recognized any one from the pictures she had seen. Officer McIntosh testified that, after the robbery, he showed some photographs to Mr. Wong and asked him to look through them to see if he could identify any of the subjects as the robbers. He also testified that he asked Mrs. Barker to go through the same pictures and pick out any which showed any of the men she had seen near the store a few days before the robbery. Officer McIntosh then testified that each witness had selected one of the pictures, and that each had selected the same picture, which he produced. He was asked ''Who was that picture of?'' The trial court did not permit him to answer; instead, the picture itself was admitted in evidence as People's exhibit 14.

The photograph in question is in the familiar and unmistakable format of a police mug shot. It shows appellant's full face and profile, side by side. Each of the paired pictures has a printed legend which was photographed with appellant from a sign placed in front of him. These words and figures appear on the legend:

SAN PABLO CALIF
POLICE DEPT
10 24 59 8156
H J COOK

''H J Cook'' is a variant of the name under which appellant was prosecuted.

Appellant did not testify in his own behalf. He contends here that the admission of the mug shot was prejudicial error

---

transcript of the arraignment proceedings. The record now shows that, although the required minute entry was not made in the trial court, the question prescribed by the statute was put to appellant, that he admitted the prior, and that section 1025 thereafter applied in this case.

because it discloses his prior criminal record, which he had elected to keep from the jury by not taking the stand. He also asserts that the admission of the picture violates the proscription of Penal Code section 1025, since he had admitted the prior conviction charged. We hold that the admission of People's exhibit 14 was error, but that it was not prejudicial.

The general rule is that proof of a timely extrajudicial identification of an accused by an eyewitness is admissible as independent, as well as corroborative, evidence of his identity as the perpetrator of the crime charged. (*People* v. *Gould* (1960) 54 Cal.2d 621, 626-627 [7 Cal.Rptr. 273, 354 P.2d 865].) In the *Gould* case, as here, the prior identification had been made from photographs. The evidence there held admissible, however, was the testimony of a police officer that the eyewitness had identified the accused by selecting his picture. (*People* v. *Gould, supra,* 54 Cal.2d 621 at pp. 625-626.) The picture itself was apparently not admitted or offered, and the *Gould* decision does not describe its details or discuss its admissibility.

In the instant case, neither of the eyewitnesses testified that he or she had identified appellant from photographs, nor did Officer McIntosh so testify. The officer went no further than to identify a single photograph as one selected by both eyewitnesses. The conclusion that it was appellant's picture was to be drawn by the jury when they saw it. Appellant does not, then, challenge the rule of *People* v. *Gould* or its application; rather, he attacks the picture itself as the device with which the rule was applied.

We first address appellant's contention which, in a Penal Code section 1025 case where a prior conviction had been admitted, would bar *any* photograph which tended to indicate that its subject had a prior criminal record. His position canot be sustained. Although section 1025 is a fundamental declaration of public policy, and its provisions where relevant must be scrupulously observed by prosecuting attorneys, the statute was not designed to, and does not, exclude relevant evidence. (*People* v. *Spencer* (1963) 60 Cal.2d 64, 81-82 [31 Cal.Rptr. 782, 383 P.2d 134]; *People* v. *Peete* (1946) 28 Cal.2d 306, 320 [169 P.2d 924].) Except when it shows merely criminal disposition, evidence which tends to establish a fact material for the prosecution is admissible although it may connect the accused with an offense not included in the charge. (*People* v. *Henderson* (1963) 60 Cal.2d 482, 494-495 [35 Cal.Rptr. 77, 386 P.2d 677]. See also

Evid. Code, § 1101, subd. (b).) Such evidence is admissible despite the provisions of Penal Code section 1025 prohibiting allusion at the trial to an admitted prior conviction. (*People v. Peete, supra,* 28 Cal.2d 306, 319-320; *People v. Castellanos* (1958) 157 Cal.App.2d 36, 39 [320 P.2d 152].) ▮ The identification of an accused as the perpetrator of the crime charged is a "fact material for the prosecution," and a photograph selected by an eyewitness to the crime is manifestly relevant evidence of identification. And, in proving an extrajudicial identification, the photograph may be indispensable as well as relevant, because a witness who saw the identification made can testify as to whose picture was selected only by giving his own opinion and conclusion. For these reasons, we are not persuaded to hold that *any* photograph of an accused which incidentally suggests that he has a prior criminal record is inadmissible against him, in a section 1025 case or otherwise.

▮ We do hold, however, that the trial court erred in admitting the *unexpurgated* mug shot of appellant. On the issue of whether it was the accused, or someone else, who had been extrajudicially identified from a selected photograph, the only evidence properly admissible through the photograph itself was the physical likeness depicted by it. People's exhibit 14 was not limited to the physical likeness, because it purported to convey other information which was material in several respects. First, and most important, the legend on the photograph named defendant as its subject. Where it was for the jury to decide whether the photograph selected by the identifying witnesses was—or was not—a picture of appellant, it was manifestly error to admit the selected picture with appellant's name on it.

Secondly, the date on the mug shot indicates that it was made about seven years before the trial. The issue was identification of its subject. If his physical characteristics had changed during seven years—a not unlikely event—the jurors could have found themselves relying on the date in order to assess the differences they observed between the person pictured and the accused person in court.

Finally, this case was tried subject to Penal Code section 1025, which prohibits "allusion," at the trial, to the prior conviction admitted by the defendant. The mug shot received in evidence apparently does not "allude" to appellant's prior (the prior as charged was under federal authority in 1961, whereas the picture purports to have been made by a

city police department two years earlier) : but the viewer or the trial court—or this court—can so conclude only by accepting the picture's 1959 date and its identification of the police agency which made it.

In short, the mug shot contains hearsay declarations of material fact which were inadmissible in themselves. The declarant — presumably a police photographer — was not available at the trial for cross-examination. This is the "principal danger" of admitting hearsay evidence, and it is the presence of the identifying witness which justifies the process of extrajudicial identification itself. (*People* v. *Gould*, *supra*, 54 Cal.2d 621 at p. 626.) The hearsay declarations on People's exhibit 14 are not within any valid exception to the hearsay rule, nor were they anointed with admissibility as incidents of proof of extrajudicial identification of appellant.

Other cases dealing with the admissibility of a photograph of an accused are distinguishabe. A photograph, apparently not in mug shot format, was held admissible to prove the extrajudicial identification of an accused by an eyewitness in *People* v. *Hurley* (1957) 151 Cal.App.2d 339, 341-342 [311 P.2d 49] ; *People* v. *Coley* (1943) 61 Cal.App.2d 810, 814-815 [143 P.2d 755] ; and *People* v. *Ong Git* (1913) 23 Cal.App. 148, 157-158 [137 P. 283]. It does not appear from any of these decisions that the photograph involved purported to convey any material information other than the physical likeness of its subject. In *People* v. *Ford* (1959) 175 Cal.App.2d 109, 114-115 [345 P.2d 573], a police mug shot of the accused was held admissible to prove his extrajudicial identification. The *Ford* picture, however, although it showed numbers and the name of a police agency, did not identify its subject by name; and Ford had taken the stand and admitted his prior criminal record before the photograph reached the jury. In *People* v. *Martinez* (1960) 180 Cal.App.2d 690, 692 [4 Cal. Rptr. 829], the court sanctioned the use of the accused's mug shot to impeach his testimony that he usually wore glasses (which did not appear in the picture). In *Martinez*, though, the accused's identification was not the issue and—again—the mug shot did not bear his name.

The People suggest that appellant waived objection by failing to ask that the inadmissible portion of the mug shot be deleted, stating that ". . . [appellant] made no effort to alleviate the possible prejudicial effect by seeking to cover or cut out the data at the bottom of the photograph . . . This simple adjustment could have remedied his objection." In fact, and

while appellant's counsel was persistently objecting, Officer McIntosh was asked only whether the picture shown him was the one selected by the eyewitnesses. While the trial court was ruling on appellant's motion for mistrial which immediately followed, the picture was admitted in evidence without having been offered.[3] Appellant, having had no opportunity to object to the introduction of the picture itself, was not in a position to make the suggested "effort" by seeking to have it cropped or partially masked. On the other hand, the prosecution had almost three months, between the extrajudicial identifications of the picture and its production at the trial, to make the "simple adjustment."

 It having been determined that admission of the mug shot was error, the question is whether it requires reversal. The record contains other convincing evidence of appellant's guilt. The four robbers were Negroes, as is appellant. Mr. Wong identified him in court as one of the robbers. The evidence indicates that four Negroes had been "casing" Al's Market before the crime. Mrs. Barker identified appellant as one engaged in an apparent "casing" situation. Her identification also associated him with a described automobile, whose license number she recorded at the time. Still another witness, who saw the robbery, identified the same vehicle, by description and by license number, as the car used in the robbery. Within minutes after the crime, at least three persons were seen in the described automobile bearing the same license

---

[3]People's exhibit 14 was admitted during the following exchange, prior to which it had not been offered in evidence:

"Q. [By the prosecuting attorney]: Now, Officer, can you identify this picture and if so, how?

"A. This is one of our pictures.

"[Appellant's counsel]: If the Court please, I am going to again ask the Court to strike this line of questioning. I feel that the characterization of the picture by the testifying officer is prejudicial and misconduct.

"THE COURT: I am going to sustain the objection. I think the only question before this officer is whether Mr. Wong selected one of the pictures and he stated it appeared to be one of the men or words to that effect. I think the question now is that the picture which you have handed to him, is that the one that was selected? I think that's the way you should ask the question.

"[The prosecuting attorney]: All right, your Honor.

"THE WITNESS: Yes, sir.

"[Appellant's counsel]: Your Honor, I feel that the comments of the witness are so prejudicial that we should have a mistrial and would so move.

"THE COURT: The motion is denied. The jury is instructed to disregard any characterization of the witness as to who's picture this is, if any such characterization has been made. *The picture will be admitted into evidence* and it will speak for itself. It is so admitted." (Italics supplied.)

number; and appellant was driving it when he was arrested a few minutes later. The loot taken by the robbers included several peculiarly marked items which were found on appellant's person, or in the automobile, when he was arrested. Items of clothing similar to distinctive garb worn by at least one of the robbers were also found in the car.

In the light of this evidence, we conclude that erroneous admission of the mug shot did not result in a miscarraige of justice within the meaning of the constitutional mandate (Cal. Const., art. VI, § 4½, as restated by amendment adopted Nov. 8, 1966, *Id.*, art. VI, § 13) because in the light of all the evidence it is not "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 343].)

The judgment is affirmed.

Devine, P. J., and Christian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 21, 1967.