[Crim. No. 10692. First Dist., Div. Two. Mar. 27, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES DAVID MARTINEZ, Defendant and Appellant.

## Counsel

Carol Ruth Silver, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Derald E. Granberg and April P. Kestell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ROUSE, J.—This is an appeal by defendant James Martinez from a judgment convicting him of assault with force likely to produce great bodily injury, in violation of Penal Code, section 245.

The record shows that defendant was charged with the above-mentioned offense by information wherein there was also alleged a prior felony conviction. Defendant was arraigned and entered a plea of not guilty. The allegation of a prior conviction was deemed denied. Defendant also reserved his right to plead not guilty by reason of insanity. He subsequently entered such a plea.

When the matter came on for trial, the court expressed some doubt about defendant's present sanity and directed that proceedings be initiated under Penal Code, section 1368, to determine whether defendant was competent to stand trial. Thereafter, on the basis of such proceedings, the court found defendant presently insane and committed him to Agnews State Hospital until such time as he recovered his sanity.

Defendant remained at Agnews State Hospital for two years. On October 14, 1971, defendant was found competent to stand trial, and criminal proceedings were reinstituted. On November 22, 1971, defendant was rearraigned on the prior felony conviction and admitted same. Trial by jury commenced on the same day and continued until November 29, 1971, when defendant was found guilty as charged.

On December 1, 1971, the sanity phase of the trial commenced, and on December 6, 1971, the jury found defendant to be legally sane at the time of the commission of the offense. Thereafter, defendant was sentenced to state prison for the term prescribed by law. Defendant filed a timely notice of appeal.

Since defendant does not challenge the sufficiency of the evidence produced at the guilt phase of the trial, we shall adopt defendant's own characterization of the evidence as set forth in his opening brief: "On the second of June, 1969, in Oakland, California, Defendant, youthful and physically in good health, assaulted and severely beat up a ninety-four year old Jehovah's Witness missionary, causing substantial loss of mental capacity as well as immediate suffering. No weapon was involved. Two roofers witnessed the incident and testified that Defendant ceased his attack only when one of them approached. There was apparently no provocation or reason for the attack, and none was offered by the Defendant (who did not testify at the trial)."

■ Defendant's first contention on appeal is that the trial court erroneously permitted the prosecutor to allude to an admitted prior felony conviction during the sanity phase of the trial. Defendant relies upon that portion of Penal Code, section 1025, which provides that "In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial."

It is settled that Penal Code, section 1025, was not designed to exclude relevant evidence which tends to establish a fact material for the prosecution. (*People* v. *Washington* (1969) 71 Cal.2d 1061, 1081 [80 Cal.Rptr. 567, 458 P.2d 479]; *People* v. *Cook* (1967) 252 Cal.App.2d 25, 28 [60 Cal.Rptr. 133].)

In the instant case, defendant's prior conviction was never alluded to during the guilt phase of the trial. However, during the sanity phase of the trial, the prosecutor did bring out the fact that defendant had previously been convicted of assault, and testimony was elicited from both lay and expert witnesses that they had taken the prior conviction into consideration when forming their opinions as to defendant's sanity. At the conclusion of the sanity phase of the trial, the prosecutor mentioned the prior conviction during argument and pointed out that defendant had been convicted of assaulting an elderly man in 1966 at a time when there was no indication that defendant was suffering from mental illness of any kind. The prosecutor relied upon this evidence as supporting an inference that defendant was sane when he committed the assault for which he was on trial and that his conduct was not the product of mental illness.

Here appellant placed his sanity in issue. It was his contention that the brutal assault upon the elderly minister was a manifestation of his paranoid schizophrenia. The fact that he had committed a prior assault, also against an elderly man, and that such assault had occurred before there was any evidence of mental illness, became relevant to the question of his mental state at the time of the present assault. Thus the record discloses that the prior conviction did tend to establish a fact material for the prosecution and was therefore properly admitted. In *People* v. *Houser* (1965) 238 Cal.App.2d 930 [48 Cal.Rptr. 300], the defendant's prior criminal record was alluded to during the sanity phase of his trial when a psychiatrist called by the prosecution was asked to explain the basis for his opinion that defendant was sane. Although the defendant contended on appeal that Penal Code, section 1025, prohibited the testimony bearing upon his criminal history, the court rejected this argument, stating: "Appellant has not produced authority nor advanced any compelling reason

why such a rule should apply in a trial where the defendant's sanity rather than his guilt is the sole issue. Prejudice, the obvious reason for the rule in a trial for the determination of guilt has no comparable application in a probe of mental status. It seems only reasonable that a history of conduct, past as well as present, would be an important consideration in an appraisal of mental status. There occurs to us no cogent reason to expect that prejudice in a sanity hearing would be incited to the point of unfairness by knowledge of defendant's criminal record." (P. 933.)

In the *Houser* case, the trial court had instructed the jury that the evidence of the defendant's criminal record could be considered only as it was used by the People's psychiatrist, as part of the defendant's past history in arriving at a diagnosis of his mental condition at the time of the act in question. However, the fact that no such instruction was given in the instant case would not appear to furnish a valid basis for distinguishing the *Houser* case. In this case, the same jury which had found defendant guilty, without knowledge of his prior conviction, was then called upon to determine whether he was sane at the time of the commission of the offense. The jurors well knew that there was but one issue before them and that the prior conviction had relevance only as tending to show that defendant was sane when he committed the offense for which he was on trial.

In his brief, defendant has made passing reference to the fact that the prosecutor's alluding to his prior conviction "provided no opportunity for Defendant to challenge the validity of his 1966 conviction on collateral grounds, for example on lack of adequate legal representation at all appropriate stages of the trial. . . ." This argument is wholly without merit. Defendant had every opportunity to challenge the validity of his prior conviction, but he simply chose to admit it.

Defendant's final contention is that the trial court erred, during the guilt phase of the trial, in refusing to allow the defense to produce evidence that due to mental illness, defendant lacked the capacity to form the specific intent to commit an assault with force likely to produce great bodily injury. This argument is untenable.

 It is now settled that assault with force likely to produce great bodily injury is a general intent crime rather than a specific intent crime. (*People* v. *Hood* (1969) 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370]; *In re Steven C.* (1970) 9 Cal.App.3d 255, 263 [88 Cal.Rptr. 97]; *People* v. *Morrow* (1969) 268 Cal.App.2d 939, 949 [74 Cal.Rptr. 551]; *People* v. *Finley* (1963) 219 Cal.App.2d 330, 340 [33 Cal.Rptr. 31].) Diminished capacity is not a defense to a general intent crime. (*People* v.

*Glover* (1967) 257 Cal.App.2d 502, 505 [65 Cal.Rptr. 219].) It follows, therefore, that the trial court properly ruled that evidence of defendant's mental condition should be reserved for the sanity phase of the trial.

The judgment is affirmed.

Taylor, P. J., and Kane, J., concurred.