[Civ. No. 43655. Second Dist., Div. Five. June 21, 1974.]

DAVID LEE DOVE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 43665. Second Dist., Div. Five. June 21, 1974.]

SHIRLEY DOVE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Richard A. Buckley, Public Defender, Harold E. Shabo, Loren Mandel and Dennis A. Fischer, Deputy Public Defenders, and Jack C. Stennett for Petitioners.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry B. Sondheim and Sterling S. Suga, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KAUS, P. J.**—Petitions for writs of mandate to compel the trial court to sever the impending trials of petitioners (defendants) David and Shirley Dove.

In a three-count[1] information, Shirley was charged, in count 1, with

---

[1]Count 3, charging possession by David Dove of a firearm with identification marks obliterated (Pen. Code, § 12090), was severed on David's motion.

selling cocaine on November 5, 1973, and David was charged, in count 2, with selling cocaine on November 13, 1973. Motions to sever the trials were denied.

### FACTS

This is a summary of the evidence produced at defendants' joint preliminary hearing:

On November 5, Deputy Sheriff Jacqueline Armstrong, accompanied by an informer went to 3823 West 102d Street, apartment 5, where she purchased cocaine from Shirley Dove. The precise facts were that Shirley and the informer left the room, and came back, and then Shirley handed a tinfoil of cocaine to the informer who handed it to Armstrong. Another "female Negro" and "lots of small children" were present, but David Dove was not there. Armstrong asked Shirley if she could make future buys and Shirley said she "had to check with her old man."[2]

Armstrong returned on November 13 to get another phone number from Shirley because the old number had been disconnected, and to buy some more cocaine if the opportunity presented itself. David answered the door and let her in after Armstrong gave her name, and asked, without eliciting a response from David, whether Shirley had mentioned her name to him.

Armstrong knew David was Shirley's husband, but had never met him and knew nothing more about him. Armstrong then asked David for a "couple of spoons"; he sold her $50 worth of cocaine and gave her a piece of paper with one or more phone numbers.

On November 30, Deputy Sheriff Garcia arrested David outside the apartment and Shirley inside. Garcia and other officers searched the entire apartment and found a gun. (*Ante,* fn. 1.)

### DISCUSSION

■ Defendants contend the trial court abused its discretion in refusing to sever their trials. We agree.

"Section 954 of the Penal Code permits joinder of different offenses where they relate to the same transaction or event, or where there is a common element of substantial importance in their commission. [Citation.] Section 1098 provides for joint trials of defendants jointly charged. [Citation.] These sections do not permit the joinder or consolidation for trial

---

[2]This statement was not admitted against David.

of an information or informations charging different defendants with separate, distinct and unconnected crimes. [Citations.]" (*People* v. *Molano,* 253 Cal.App.2d 841, 845 [61 Cal.Rptr. 821, 18 A.L.R.3d 1328].)

That both counts charge the same statutory offense is patently insufficient to justify a joint trial. Under that theory, all persons charged with the same statutory offense could be joined together in one mass trial.

The People, however, contend that a joint trial is permissible, even though each defendant is charged with a separate offense occurring on a different date, because the sales were made from the same location and defendants were living together. They refer us to the law on constructive possession (e.g., *Russi* v. *Superior Court,* 33 Cal.App.3d 160, 171 [108 Cal.Rptr. 716]) in order to show that, if charged, David could have been bound over on the evidence adduced against Shirley on count 1. They then cite a series of cases upholding joinder of defendants. (E.g., *People* v. *Santo,* 43 Cal.2d 319, 331-332 [273 P.2d 249]; *People* v. *Eudy,* 12 Cal.2d 41, 46 [82 P.2d 359]; *People* v. *Wallace,* 13 Cal.App.3d 608, 613, 616-617 [91 Cal.Rptr. 643]; *People* v. *Parker,* 122 Cal.App.2d 867, 871 [265 P.2d 933]; *People* v. *Cohen,* 107 Cal.App.2d 334, 342 [237 P.2d 301]; *People* v. *Burton,* 91 Cal.App.2d 695, 699, 714-715 [205 P.2d 1065]; *People* v. *Raucho,* 8 Cal.App.2d 655, 671 [47 P.2d 1108].) None of these authorities is in point. In each case two or more defendants not only could have been, but actually were charged jointly on at least one count. That such a joint charge is a prerequisite to a joint trial is the clear implication of the opening phrase of section 1098 of the Penal Code[3] and the express holding of many cases. (*People* v. *Pike,* 58 Cal.2d 70, 85 [22 Cal.Rptr. 664, 372 P.2d 656] [". . . since there is a joint charge as to one of the crimes . . ."]; *People* v. *Alvarado,* 255 Cal.App.2d 285, 288 [62 Cal. Rptr. 891] [". . . the consolidation of separate charges against multiple defendants charged jointly with at least one offense, is proper."]; see also, *People* v. *Spates,* 53 Cal.2d 33, 36 [346 P.2d 5]; *People* v. *Chapman,* 52 Cal.2d 95, 97 [338 P.2d 428].)

The People, in effect, argue that the statutory and decisional requirement

---

[3]"*When two or more defendants are jointly charged with any public offense,* whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials. In ordering separate trials, the court in its discretion may order a separate trial as to one or more defendants, and a joint trial as to the others, or may order any number of the defendants to be tried at one trial, and any number of the others at different trials, or may order a separate trial for each defendant; provided, that where two or more persons can be jointly tried, the fact that separate accusatory pleadings were filed shall not prevent their joint trial." (Italics added.)

of at least one joint count[4] is a mere technicality where, as here, defendants could have been jointly charged. We disagree. In doing so we do not stop to examine the validity of the assumption that David could have been charged on the evidence produced against Shirley on count 1. The point is that had he been charged, the sufficiency of the proof could have been examined on a motion to set aside the information under section 995 of the Penal Code. If the People survived such a motion, the present proceeding would presumably not have been filed; if they did not, the *Pike-Spates-Chapman* line of cases would make severance mandatory. The People cannot avoid judicial examination of the legitimacy of a joint trial by pointing to hypothetical charges.

The potential for prejudice to each defendant in this case lies in the very elements on which the People rely: that defendants are married and living together and that the sales were made from the same residence. The vice inherent in joining defendants in this situation lies in the danger of a conviction based on evidence relevant only to the charge against the co-defendant. This was recognized and applied in a very similar case, *People v. Molano, supra,* 253 Cal.App.2d 841. There M and T were jointly charged with burglary; T was also charged with possession of marijuana; M was charged with a prior marijuana conviction. Moreover, the marijuana involved in the current charge against T was found in an apartment shared by her and M. Holding that the trial court had abused its discretion in denying the motion to sever, the court said: "As counsel for defendant in essence argued when the motion for severance was made, since the narcotics were found in an apartment he and his codefendant shared, to allow the narcotics charge to be tried against her in their trial on the burglary charge, created the very real possibility that the jury would in effect try him for that offense along with her; *that not being able to convict him of that charge, could prejudicially influence his case on the burglary charge.* [Citation.]" (253 Cal.App.2d, pp. 845-846. Italics added.)

The writs are granted as prayed.

Ashby, J., and Loring, J.,* concurred.

---

[4]Of course, the presence of one count directed against several defendants does not necessarily overcome all defense objections to joinder. (See Pen. Code, § 1098; e.g., *People* v. *Massie,* 66 Cal.2d 899, 914-918 [59 Cal.Rptr. 733, 428 P.2d 869].)

*Assigned by the Chairman of the Judicial Council.