[Crim. No. 40801. Second Dist., Div. Four. June 15, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL HERNANDEZ et al., Defendants and Appellants.

**[Opinion certified for partial publication.†]**

†See *post,* page 941.

**COUNSEL**

Paul Arthur Turner and Corinne S. Shulman, under appointments by the Court of Appeal, and F. A. de la Pena for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Weisman and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOODS, P. J.**—Defendants appeal from their convictions following a joint trial by jury. Perez was convicted of two counts of rape committed in concert;

Hernandez was convicted of one count of rape in concert, one count of sodomy committed with a deadly weapon, and one count of oral copulation committed with a deadly weapon; Martinez was convicted of one count of oral copulation in concert and one count of robbery.

Defendants raise the following contentions on appeal:

*Magdeleno Perez*:

1. The court erred in denying his motion to sever his trial from that of his codefendants.

2. The court erred in admitting scientific evidence as to which no chain-of-custody foundation had been laid.

3. The court improperly enhanced his sentence.

4. His preconviction confinement credits were improperly calculated.

*Manuel Hernandez*:

1. The prosecutor committed prejudicial misconduct.

*Jose Martinez*:

1. The jury reached irreconcilable verdicts which compel the striking of a finding that oral copulation was committed in concert.

2. Insufficient evidence supports the robbery conviction.

Defendants' issues require only a brief summary of the evidence presented at trial. The offenses arose out of a "gang rape" following a party given by the victim. The three defendants and a fourth codefendant (who pleaded guilty prior to trial) were guests at the victim's party. Late in the evening, all guests had left except for the codefendants. When asked to leave, they refused and dragged the victim into the bedroom where they proceeded to rape and sodomize her and forced her to orally copulate them, in turn. On two occasions during the course of events, the victim saw a knife in defendants' hands. At one point, when she attempted to leave the bedroom, she hit her shoulder on the door during a struggle and severely dislocated her shoulder.

Neighbors, concerned about the sounds coming from the victim's apartment, called the police. The police entered the apartment, arrested the defendants, and took the victim to the hospital for treatment.

Prosecution evidence consisted of the testimony of the victim, the neighbors who had called the police, the arresting officers, a sheriff's department criminologist, sheriff's deputies who had interviewed the victim on the night of the attack, and a physician from the hospital emergency room.

## I

Defendant Perez contends that the trial court erred in denying his motion to sever his trial from that of his codefendants. He relies on *People* v. *Ortiz* (1978) 22 Cal.3d 38 [148 Cal.Rptr. 588, 583 P.2d 113], for the proposition that severance was mandatory inasmuch as Perez was not jointly charged with any of his codefendants on any count. We have concluded that *Ortiz* does not apply to cases such as this one, where all codefendants, whether jointly charged or not, committed offenses at the same time and place and as part of the same transaction.

Perez was charged with two counts of rape committed in concert with James Chavous, the codefendant who pleaded guilty prior to trial. Because he was not jointly charged in any of the other counts against Hernandez or Martinez, he contends that under *Ortiz* he is entitled to a separate trial. In *People* v. *Ortiz, supra,* 22 Cal.3d at page 43, the Supreme Court interpreted section 1098 of the Penal Code, authorizing joint trials for defendants jointly charged, ". . . to mean that a defendant may not be tried with others who are charged with different crimes than those of which he is accused unless he is included in at least one count of the accusatory pleading with all other defendants with whom he is tried." (Fn. omitted.) If taken literally and out of context, this statement supports Perez's position. However, our reading of *Ortiz* and the cases on which it relies persuades us that the Supreme Court did not intend to extend its ruling to cases such as the one before us where codefendants jointly committed a series of crimes against the same victim at the same time and in the same place. In *Ortiz,* the defendant was jointly tried with three codefendants accused of a crime distinct from the one in which he had participated. The trial involved prosecution for two robberies, committed on different dates and against different victims. The court condemned the practice of allowing the jury to hear evidence concerning a crime with which defendant had no connection. (*Id.,* at pp. 45, 47.)

*Ortiz* relied on a series of decisions from the Courts of Appeal which had reached the same result. Each of those was factually similar to *Ortiz*. In *Dove* v. *Superior Court* (1974) 39 Cal.App.3d 960 [114 Cal.Rptr. 889], a husband was charged in one count with selling cocaine, and his wife was charged in a different count with the same crime, but occurring on a different date. In *People* v. *O'Leary* (1955) 130 Cal.App.2d 430 [278 P.2d 933], codefendants were charged with different robberies, committed on different dates against separate

victims. In *People* v. *Davis* (1940) 42 Cal.App.2d 70 [108 P.2d 85], defendants were charged with two separate counts of robbery. The court held that denial of severance was error because there were "separate and distinct crimes, occurring at different times, against different persons, and . . . charged against different defendants." (*People* v. *Davis, supra,* at p. 74.)

Of particular significance with respect to the distinction we make in this case is the observation of the Court of Appeal in *People* v. *Biehler* (1961) 198 Cal.App.2d 290 [17 Cal.Rptr. 862]. In *Biehler,* defendant was jointly tried with several codefendants, on a charge of burglary. The crime of which he was convicted was separate and distinct from the offenses charged against his codefendants. The *Biehler* court reviewed the rules concerning consolidation of offenses and joinder of defendants for trial and the principles which those rules reflect. The court observed that numerous cases had concluded that "the consolidation of . . . separate unconnected charges for trial" was unfairly prejudicial to defendants and erroneous. (*People* v. *Biehler, supra,* at p. 294.) The *Biehler* court quoted from *People* v. *Duane* (1942) 21 Cal.2d 71, 76 [130 P.2d 123]: " 'A defendant may be prejudiced if forced to stand trial on one charge with a codefendant or codefendants who are charged with a distinct and unconnected offense. The charges may be of the same class and therefore subject to consolidation, but if unconnected and dependent upon evidence of an entirely different state of facts, one defendant may be prejudiced by evidence introduced in support of an information charging a second defendant with a separate offense.' " (*People* v. *Biehler, supra,* at pp. 294-295.)

However, the court observed that under certain circumstances consolidation for trial of distinct offenses charged against separate defendants was proper ". . . when the crimes charged arose out a single set of circumstances, [citations] . . . ." (*People* v. *Biehler, supra,* at p. 296.) It is significant to note that the *Biehler* decision was cited with approval by the Supreme Court in *Ortiz.* (*People* v. *Ortiz, supra,* 22 Cal.3d at p. 45.)

We are convinced that the Supreme Court did not intend, in establishing a rule requiring separate trials of defendants not jointly charged, to include within the purview of that rule defendants charged with crimes arising out of a single set of circumstances. The evil sought to be avoided by *Ortiz* was the prejudicial impact of irrelevant evidence. In a joint trial of unrelated offenses, the jury would hear evidence concerning the conduct of defendant's associates, which evidence would not have been admissible in a separate trial. (*People* v. *Ortiz, supra,* 22 Cal.3d at p. 47.) Here, of course, evidence concerning the conduct of all of the victim's assailants would have been admissible in either a joint or separate trial. Furthermore, a requirement of separate trials would subject the victim and all witnesses to the ordeal of two complete trials, with no attendant

benefit to Perez.[1] We therefore conclude that the *Ortiz* holding does not extend to defendants charged with a crime or series of crimes committed as part of a single transaction.

Finally, we observe that even if the trial court had violated *Ortiz* in denying Perez's motion for severance, the error would have been harmless. The *Ortiz* court, quoting from *People* v. *Massie* (1967) 66 Cal.2d 899, 923 [59 Cal.Rptr. 733, 428 P.2d 869], reiterated the following rule: " 'The question of the erroneous denial of a severance does not rise to jurisdictional magnitude, nor is the right to a separate trial so fundamental that its denial must occasion automatic reversal. We cannot say that in every case of an improper denial of a separate trial, a joint trial is necessarily so unfair as to amount to a miscarriage of justice. We must weigh the prejudicial impact of all of the significant effects that may reasonably be assumed to have stemmed from the erroneous denial of a separate trial.' [Citation.]" (*People* v. *Ortiz, supra,* 22 Cal.3d at p. 46.)

Although Perez may have been prejudiced by the presentation to the jury of evidence concerning the sodomy and oral copulation committed by the codefendants, a separate trial would not have eliminated that evidence. As noted earlier, the testimony of the victim concerning the crimes to which she was subjected on the night of her party would have been the same, whether presented in a trial against three defendants or only one. Perez's arguments concerning the inconsistencies in the victim's testimony go to the weight of that evidence, but do not indicate that a different result would have been reached had defendant been separately tried.

There was no reasonable probability that Perez would have obtained a more favorable result from a separate trial. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

The remaining issues presented in this appeal do not merit publication under rule 976 of the California Rules of Court. Accordingly, they are discussed in an unpublished opinion. (Cal. Rules of Court, rule 976.1.)

---

[1]The language of the *Ortiz* holding could support a conclusion that, by its terms, it does not apply to the instant case. The court held that a defendant may not be tried with others "who are charged with *different crimes* than those of which he is accused" unless he is jointly charged in at least one count. (*People* v. *Ortiz, supra,* 22 Cal.3d at p. 43; italics added.) Here, Perez, Hernandez and Martinez were all charged with rape of the same victim. It could be argued that the requirement of "different crimes" not having been met here, *Ortiz* has no application. We prefer to base our holding on an analysis of the effect of extending *Ortiz* to situations such as the instant case, rather than a word-by-word analysis of the precise language of the Supreme Court opinion.

The judgments of conviction are affirmed.

Amerian, J., and Ackerman, J.,* concurred.

The petitions of appellants Hernandez and Perez for a hearing by the Supreme Court were denied August 25, 1983.

.

---

*Assigned by the Chairperson of the Judicial Council.