Filed 3/18/24  P. v. Belmares CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096389 |
| v. | (Super. Ct. No. 19FE015430) |
| DAVID J. BELMARES, | |
| Defendant and Appellant. | |

A jury found defendant David J. Belmares guilty of lewd and lascivious acts by force or fear and oral copulation.  It found true allegations of substantial sexual contact, multiple victims, and aggravating factors.  The trial court sentenced defendant to a determinate term of eight years plus a consecutive indeterminate term of 60 years to life in state prison.

Defendant now contends the trial court erred in denying his requests to sever his trial from that of his brother Jared because the two were not jointly charged on any count. Because defendant has not established prejudice, we will affirm the judgment.

1

BACKGROUND

Defendant and Jared are brothers. Their mother Margo was a daycare provider for Amarra and Arianna from 2010 to 2015. Margo lived in a two-story house until December 2013.

Amarra testified that when she was at defendant's two-story house, defendant made her orally copulate him more than five times. She described an incident when she was six or seven years old. Defendant threatened to have Amarra's younger sister perform the acts if Amarra would not comply, and he instructed Amarra not to tell. Amarra told defendant's mother, but the mother did not believe her. Amarra did not remember interacting with Jared at the house.

Arianna testified that on more than five occasions at the two-story house, defendant had her put her hand on his penis and move her hand up and down when defendant was on the couch. Arianna also testified to acts of oral copulation. Defendant told her not to tell or he would make Amarra do it too.

Arianna testified that defendant and Jared looked different and that Jared made her put her hand on his penis between 10 and 20 times at the two-story house. The first time it happened, Arianna was in first grade. Jared told Arianna he heard she was doing that and he wanted her to do it to him. Jared told her not to tell. Arianna also testified that when she was nine or 10 years old, she saw Amarra come out of Jared's room and Amarra disclosed that Jared had just made Amarra move her hand up and down on his penis.

On June 6, 2013, defendant was arrested for crimes against other minor victims. He was adjudicated of lewd and lascivious acts by means of force on a child under the age of 14 (§ 288, subd. (b)(1)) in relation to those other crimes. The offenses charged against defendant in this case pertain to acts occurring prior to defendant's 2013 arrest.

In November 2015, Amarra told her mother that defendant made Amarra orally copulate him. A recording of Amarra's forensic interview was played at trial. Amarra told the interviewer that defendant instructed her to put his penis in her mouth and she

2

complied because defendant threatened to tell on her. Amarra said it happened more than once.

Arianna initially denied being sexually abused. But at Amarra's urging, Arianna disclosed to their mother in November 2019 that Jared made Arianna touch his penis.

The prosecutor presented evidence of conduct involving other girls at the trial. Zoey testified that in 2010, when she was five years old, defendant and Jared touched her chest and bottom and "dry humped" her. Karley testified that in 2010, when she was seven years old, defendant touched her vagina with his hands on more than 10 occasions, with the last incident occurring when Karley was eight or nine years old. Q'Mary testified that around 2008, when she was six to eight years old and in foster care, defendant and Jared touched her vagina and breast area. The brothers came into her room together on more than one occasion and touched her.

Defendant admitted putting his penis inside Q'Mary and touching her vagina. He also admitted touching Karley. The trial court instructed the jury that evidence involving Zoey, Karley, and Q'Mary could only be used for certain limited purposes.

The jury convicted defendant of a lewd and lascivious act by force or fear upon Amarra, a child between four and five years of age (Pen. Code, § 288, subd. (b)(1)[1] – counts 1, 3), oral copulation with Amarra, a child between four and five years of age (§ 288.7, subd. (b) – counts 2, 4), lewd and lascivious acts upon Arianna, a child between five and seven years of age (§ 288, subd. (a) – counts 5, 6, 8), and oral copulation with Arianna, a child between five and seven years of age (§ 288.7, subd. (b) – counts 7, 9). It found true allegations that defendant had substantial sexual contact with Amarra and Arianna within the meaning of section 1203.066, subdivision (a)(8), that defendant committed the offenses against more than one victim within the meaning

---

[1] Undesignated statutory references are to the Penal Code.

of section 1203.066, subdivision (a)(7), and that defendant used great violence or threat of great bodily harm or acted in a manner indicating a high degree of cruelty, viciousness or callousness; the victims were particularly vulnerable; and defendant used planning, sophistication or professionalism in the commission of the crimes, took advantage of a position of trust or confidence and engaged in violent conduct, indicating that he presented a serious danger to society. The trial court sentenced defendant to eight years in state prison plus a consecutive 60 years to life.

Additional background is set forth in the discussion as relevant to the contention on appeal.

## DISCUSSION

Defendant contends the trial court erred in denying his motions to sever his trial from Jared's because defendant and Jared were not jointly charged in any count and this case does not fall within the exception to section 1098 articulated in *People v. Hernandez* (1983) 143 Cal.App.3d 936 (*Hernandez*) and *People v. Wickliffe* (1986) 183 Cal.App.3d 37 (*Wickliffe*).

### A

The People moved to consolidate the complaints against defendant and Jared on the grounds that the charged crimes were of the same type and involved the same victims and time period and it was in the public interest to have the victims testify only once. The trial court granted the motion over defendant's opposition.

Defendant subsequently filed a motion for separate trials. He renewed his request for severance thereafter. He argued, among other things, that (1) no count in the amended information accused defendant and Jared of committing a crime together; (2) a joint trial could confuse the jury because defendants looked alike, the alleged dates of the counts overlapped, the victims were sisters and had similar names, and they had given contradictory and confusing accounts; (3) a joint trial could inflame the jury against both defendants; (4) prejudicial association was certain; (5) the aggregate evidence against

4

both defendants would be prejudicial in a joint trial; and (6) evidence of the charged crimes would not be cross-admissible in separate trials.

The People proffered facts in opposition to defendant's motion, showing similar or shared conduct by defendant and Jared. Q'Mary reported that defendant and Jared sexually abused her when she was in their home as a foster child. Hailey reported that defendant and Jared made Hailey touch their penises. Amarra reported that defendant made her put her hand on his penis and orally copulate him on multiple occasions. Ariana reported that defendant engaged in the same sexual acts with her. Jared made Arianna put her hand on his penis, telling Arianna that he had heard Arianna had already been doing that. Amarra and Arianna described threats that if they did not comply, their sister would be forced to perform the acts.

The trial court denied the motions for severance. It said the fact that the brothers were not named in the same count did not mean the charged offenses were not connected. Rather, the trial court found the charges were connected in time and place and defendant and Jared had access to the victims and engaged in similar sexual acts. It also appeared to the trial court that the People sought to offer evidence that defendant and Jared acted in concert and the Evidence Code section 1108 evidence which involved both brothers connected them to each other and involved sexual acts similar to those described by Amarra and Arianna.[2] The trial court rejected the claim of confusion and said the jury would hear the victims' testimonies and could keep things straight. Further, any contradictory account by the victims would be subject to cross-examination. The trial court ruled neither case, if separately tried, was more inflammatory than the other

---

[2] Evidence Code section 1108, subdivision (a) provides, "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." The Evidence Code section 1108 evidence refers to evidence relating to Q'Mary, Zoey and Karley.

because the charged offenses were the same and involved the same victims, and the evidence as to each brother, based on the preliminary hearing testimony and what the trial testimony was likely to reveal, appeared equally strong. The trial court also found that evidence would likely be cross-admissible in separate trials to show opportunity and identity under Evidence Code Section 1101, subdivision (b) and propensity under Evidence Code section 1108. It said it would instruct the jury to confine use of evidence admissible as to one brother only. It also acknowledged the preference for joint trials and not having young victims testify twice.

B

The Legislature has expressed a strong preference for joint trials. (*People v. Winbush* (2017) 2 Cal.5th 402, 455 (*Winbush*).) Section 1098 provides that when two or more defendants are jointly charged with any public offense they must be tried jointly, unless the court orders separate trials. Under section 1098, "a trial court must order a joint trial as the 'rule' and may order separate trials only as an 'exception.' " (*People v. Alvarez* (1996) 14 Cal.4th 155, 190, italics omitted.) " 'Joint trials are favored because they "promote [economy and] efficiency" and " 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " [Citation.]' " (*Winbush,* at p. 456.)

"[S]everance may be appropriate 'in the face of an incriminating confession, prejudicial association with codefendants, likely confusion resulting from evidence on multiple counts, conflicting defenses, or the possibility that at a separate trial a codefendant would give exonerating testimony[]' [or where] . . . 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 40 (*Coffman and Marlow*).) In deciding whether the benefits of a joint trial are outweighed by the likelihood of substantial prejudice to the defendant, a trial court " 'should evaluate whether (1) consolidation may cause introduction of damaging evidence not admissible in a separate trial, (2) any such

6

otherwise-inadmissible evidence is unduly inflammatory, and (3) the otherwise-inadmissible evidence would have the effect of bolstering an otherwise weak case or cases.' [Citation.] That balancing process is a ' "highly individualized exercise." ' " (*People v. Mackey* (2015) 233 Cal.App.4th 32, 99-100.) We review the denial of a severance motion for abuse of discretion, based on the facts as they appeared at the time of the trial court's ruling. (*Winbush, supra*, 2 Cal.5th at p. 456; accord *Coffman and Marlow,* at p. 41.)

On appeal, defendant does not argue that the above-cited factors required severance. Instead, citing *People v. Ortiz* (1978) 22 Cal.3d 38, he argues that severance was required because he and Jared were not jointly charged in any count. In *Ortiz*, four defendants were tried jointly with one jury based on an information containing two counts for two different crimes. Because Ortiz was only charged in the second count, he argued denial of his motion to sever trial violated section 1098 because he was not jointly charged with the other defendants. (*Id.* at p. 42.) The California Supreme Court held that under section 1098, defendants may not be tried together for different crimes unless at least one count of the accusatory pleading charges all of the defendants with a crime. (*Id.* at pp. 43-45.)

The holding in *Ortiz* does not apply where codefendants commit a series of crimes involving the same circumstances such that evidence of each defendant's conduct would be admissible in a separate trial and having separate trials would subject the victim and witnesses to the ordeal of two trials with no attendant benefit to the defendants. (*Hernandez, supra*, 143 Cal.App.3d at pp. 939-941; accord *Wickliffe, supra*, 183 Cal.App.3d at pp. 41-42.) But even if the trial court should have granted severance, reversal is not required unless defendant shows prejudice, i.e., that to a reasonable probability he would have received a more favorable result in a separate trial. (*Winbush, supra*, 2 Cal.5th at p. 456; *Coffman and Marlow, supra*, 34 Cal.4th at p. 41; *Ortiz, supra*, 22 Cal.3d at p. 46.)

Defendant argues evidence of Jared's crimes would not have been admitted in a separate trial, and jurors were likely confused and likely formed the impression that the brothers shared a tendency to sexually abuse children and the charges involved similar offenses against the same victims. However, because Amarra and Arianna accused defendant and Jared of committing similar acts, the evidence against Jared was not more inflammatory than the evidence against defendant. The prosecutor presented strong evidence of defendant's guilt and the record is clear regarding the acts committed by defendant as opposed to Jared. The verdicts show the jury found Amarra and Arianna credible.

"[L]ess drastic measures than severance, such as limiting instructions, often will suffice to cure any risk of prejudice." (*Coffman and Marlow, supra*, 34 Cal.4th at p. 40.) Here the trial court instructed the jury to consider each count separately. It told the jury to separately consider the evidence as it applied to each defendant and to decide each charge for each defendant separately. It instructed that the People must prove that each defendant committed the crimes for which each was charged. We presume the jury followed those instructions. (*People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 751-752; *Winbush, supra*, 2 Cal.5th at p. 457.) The trial court also instructed on what the People must prove in each count and told the jury it could not convict the defendant unless the People had proven defendant's guilt beyond a reasonable doubt. The jury found Jared guilty of the counts related to Arianna but not the count related to Amarra, indicating that it was able to segregate the evidence on each count and assess defendants' guilt or innocence separately.

Defendant does not contend that evidence involving Q'Mary, Karley and Zoey would be inadmissible against him at a separate trial as such evidence involved acts by defendant. The jury was allowed to use that evidence to reach conclusions about defendant's propensity to commit the charged offenses, the identity of the person who committed those offenses, and opportunity to commit the offenses. Defendant does not

8

challenge the admission of that evidence or the jury instructions on its use. Defendant points to some implausible testimony from Amarra and Arianna, but he does not argue such testimony would not have been admissible at a separate trial. He also does not claim that he might have presented evidence at a separate trial that was not presented at the joint trial. (Cf. *People v. Massie* (1967) 66 Cal.2d 899, 923-924.) In light of all of the above, defendant has not established a reasonable probability of a more favorable result if he had been tried separately.

DISPOSITION

The judgment is affirmed.


/S/<br>
MAURO, Acting P. J.

We concur:


/S/<br>
BOULWARE EURIE, J.


/S/<br>
MESIWALA, J.

9